LAND, J.
Defendant Fletcher Mack, alias Red, was indicted for shooting with intent to murder while lying in wait, and was tried and found guilty of shooting with intent to murder without lying in wait.
The said defendant was sentenced to be Imprisoned in the State Penitentiary for 20 years. He has appealed. He was represented in the lower court by an attorney appointed by the district judge. He is not represented by counsel in this court.
We find in the record two bills of exception-one to the refusal of the court to grant a continuance on the ground of the absence of employed counsel, and the other to certain alleged remarks of the trial judge in the presence and hearing of the jurors on the regular venire.
The second bill of exception contains the following recitals, viz.: “Just after the state and the defendant .had announced ready for trial, the appointed attorney for the defendant, to wit, Will A. Aaron, Esq., •asked the permission of the court to have Messrs. John and P. W. McGee called from the courtyard to come into the courtroom, they being friends of the defendant; the regular venire being seated in the courtroom, and within hearing of all the proceedings of the court. Thereupon, in answer to the request of said defendant’s attorney, to wit, Will A. Aaron, Esq., the court stated, in a loud and audible voice, from the bench, that he would not have said parties called, or he would not delay the case on account of absent witnesses, after both the state and defendant had announced ready for trial, and that he was determined to break up crime, and stop these midnight assassinations in the parish of Vernon. To which remarks counsel for this defendant then and there excepted, and reserved this bill of exceptions, which he now tenders, and asks the court to sign.”
The trial judge signed the bill, with the following remarks, viz.: “If any bill was reserved, or if the court refused to call or have the parties called, or made the remarks as set forth in the bill, it has entirely escaped its memory; and, had there been bill noted at the time, I think I would have remembered same. Unfortunately for both court and counsel, the bill was not reduced to writing at the time, if such bill was reserved.”
This bill was signed on September 8, 1903. The trial commenced on August 31, 1903.
The minutes of the court show that the first bill was reserved, but they do not show any reservation as to the bill now under consideration. In short, the facts are that, on the eighth day after the alleged occurrence of the matters set forth in the bill, defendant’s counsel tendered a bill of exceptions for the signature of the judge. The reservation of this bill had not been noted on the minutes, as seems to be the practice, or by the trial judge.
It further appears from the statement of the district judge that he had no recollection of the reservation of such bill, or of the alleged occurrence therein detailed.
The judge, under the circumstances, should have declined to sign the bill of exception. But we are of opinion that his statement that he had no recollection of the matters set forth in the bill prevents his signature from being construed as an admission of the verity of the alleged facts therein detailed. As the case is presented to this court, the statement of facts contained in the bill are not proven by the admission of the trial judge or otherwise. It does not appear that the bill was submitted to the district attorney before it was presented to the judge, or that any evidence was taken or affidavit made to substantiate the alleged facts therein stated. The reservation of the bill was not noted by the judge or clerk.
We have no evidence that exception was made and bill reserved beyond the unverified statement contained in the bill itself.
The defendant did not avail himself of the provisions of Act No. 113, p. 162, of IS96, requiring the court to order the clerk to take down the facts upon which the alleged bill was retained. He did not take *691 the precaution to have his alleged exception noted by the clerk or the judge at the time.
We find that after trial and conviction, and, on the day he was sentenced, defendant presented his bill of exception to the trial judge, who thereupon declared he had no recollection either of the reservation of the bill, or of the facts therein stated.
“In practice, the judge is requested to note down the exception at the time the decision is given, and the bill is made out and handed to him for any corrections or amendments he may suggest at some time during the term.” 2 Am. & Eng. Ency. Law, p. 221.
“Error must be made to appear affirmatively by the bill, and, when there are two possible constructions, that one will be taken which is most favorable to the validity of the judgment in the court below.” Id. 222.
In the case at bar the per curiam part of the bill shows that the trial judge had no recollection of the bill, or of the facts therein recited. On this assumption, his signature to the bill cannot be construed as an admission of the truth of its recitals. On the contrary, the statement of the judge is a negation which would have justified him in declining to affix his signature to the bill.
The motion for a continuance recites, in substance, that after defendant was indicted the court appointed Will A. Aaron, Esq., to defend him; that said attorney took charge of the ease and represented defendant until immediately after the adjournment of the last term of court; that defendant then retained Ed. L. Wells, Esq., who received a fee and took charge of defendant’s case; that defendant thereupon held no further consultations with Mr. Aaron, but looked to his employed attorney to take the entire management of his defense; and concluded as follows, viz.: “That he feels that he cannot safely go to trial at this term of the court, for the reason that his said attorney, Edw. L. Wells, is now temporarily absent from the state on account of ill health, his physical condition being such that he is prevented from being upon attendance at this term of court, and that, if he is compelled to go to trial at this term of court in the absence of his said attorney, Edw. L. Wells, Esq., that he will not be accorded the rights guarantied him under the law, and that he cannot defend his case properly without the assistance of said absent counsel.”
This motion was overruled, and the defendant excepted. The judge assigned the following reasons for his ruling: “The motion was overruled for the reason that Mr. Wells had never made any appearance in court, and was in the town of Leesville on Friday before the case was tried on Monday, and did not notify the court that he was of counsel or had been employed. Not having been of counsel at the previous term of court, the court was of the opinion at the time of the filing of the motion, and is of the same opinion now, that the motion was made for delay. I think that the accused had a fair trial. Had Mr. Wells made any appearance in any manner, the ruling would have been different.”
The motion for continuance was evidently drafted by counsel, and, the minutes inform us, was argued and overruled.
On the trial, Mr. Aaron represented the defendant.
In State v. Perry, 51 La. Ann. 1077, 25 South. 945, we said: “It is established by repeated decisions that the matter of granting or denying applications for the continuance of criminal causes rests largely in the discretion of the trial judge, and that this court will not interfere unless a clear case of abuse of such discretion is presented.”
In the case at bar, the motion for a continuance was suspicious on its face. The alleged employed counsel not only made no appearance in court, but took no steps whatever to represent his client or have him represented, though such counsel was about to leave the state for an indefinite time.
The statement of the district judge is to the effect that the employed counsel was in Leesville a few days before the trial.
If Mr. Aaron, the appointed counsel, had made affidavit that he had not time to prepare the defense, owing to the supposed employment of Mr. Wells, the case would present a different aspect. As it is, the defendant was represented by counsel presumed to be competent, and it does not appear that some real injustice was probably *693 done by the refusal of the motion for a continuance. 4 Am. & Eng. Ency. Pl. & Pr. pp. 839, 840.
The record discloses no reversible error in the proceedings below, and the sentence is therefore affirmed.