304 So.2d 311 (1974)
STATE of Louisiana
v.
Clarence WILLIAMS.
No. 55077.
Supreme Court of Louisiana.
December 2, 1974.
*312 Tilden H. Greenbaum, III, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
Defendant was convicted of possession of heroin and sentenced to six years at hard labor. He perfected four bills of exceptions.
The first and third Bills of Exceptions were taken with respect to the introduction into evidence of heroin seized from the person of the defendant by police officers.
Defendant testified that he was standing on the sidewalk before a friend's house, waiting for him, when the police, with no provocation, searched him, pretending to find a small tinfoil package of heroin in one of his pockets. Defendant admitted several prior convictions, one for possession of stolen goods, and that one of the policemen knew him, having "stopped me over a period of years for things."
A policeman testified that, as he and his partner drove around a corner and onto South Rampart Street, "I noticed the defendant before the bar walking on the lake side of the street in an uptown direction. I also observed that he had a cardboard type box under his left arm. As the subject looked in the direction of the police vehicle, he apparently became startled, removed the box (from under his arm) and dropped it to the ground, straightened up and continued walking. At this time, Officer Jacobs stopped the vehicle, and stepped from the vehicle. I walked directly to Mr. Williams and Officer Jacobs walked over by the box . . . I detained the defendant momentarily. Shortly after, I was joined by Officer Jacobs, and he informed me there were numerous packs of hot dogs inside the box."
Further testifying, the officer said that the defendant when questioned about the fourteen packages of weiners in the box stated he had proof that he had purchased them. When he removed his hand from his pocket, the officer testified he saw a tinfoil package secreted in his hand, which the officer recognized to be a packet of narcotics. It was then, the officer said, that he arrested the defendant.
The question to be decided, of course, is whether there was probable cause to stop the defendant. Because of the criminal record of the defendant, the improbability of his explanation, and certain elisions in his story of the encounter, the trial judge chose not to believe the testimony of the defendant; in this decision he was correct. We must decide whether the seizure was the result of an unconstitutional arrest and search. We find that it was not.
An arrest occurs when one person is taken into custody by another, and the restraint may be either imposed by force or "may result from the submission of the person arrested to the custody of the one arresting him." C.Cr.P. 201. If the arrest were legal, the officers had the right to search the defendant.
The usual inquiry to test the constitutionality of a warrantless arrest, to determine *313 whether it is "reasonable" (Const. U.S.Amend. IV; Const.La.1921, Art. 1 § 7) is couched in terms of "probable cause." The evidence in the record before us is convincing that there was probable cause to arrest the defendant. His suspicious reaction to the presence of the police car alerted the officers. He looked startled. He knew one of the officers had stopped him "over a period of years for things." The officer recognized the defendant. The defendant first started to place the box of weiners on the ground or sidewalk, then dropped it and began to walk away from the box. At that point, it was only reasonable that the two officers, acting in unison, seeing that the abandoned box contained fourteen packages of weiners, stopped the defendant. See Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).
Bill of Exceptions No. 2 is submitted without brief or argument and therefore is considered waived. State v. Edwards, 261 La. 1014, 261 So.2d 649 (1972).
Bill of Exceptions No. 4 was reserved during the State's cross-examination of the defendant. The prosecutor asked the defendant if he had ever been convicted of simple burglary. The defendant answered by saying that the charge had been reduced to possession of stolen property. In brief the defendant argues that the State should not have been allowed to question him as to prior convictions. R.S. 15:495 states:
"Evidence of conviction of crime, but not of arrest, indictment or prosecution, is admissible for the purpose of impeaching the credibility of the witness, but before evidence of such former conviction can be adduced from any other source than the witness whose credibility is to be impeached, he must have been questioned on cross-examination as to such conviction, and have failed distinctly to admit the same; and no witness, whether he be defendant or not, can be asked on cross-examination whether or not he has ever been indicted or arrested, and can only be questioned as to conviction, and as provided herein."
In this case the prosecution asked the defendant about his numerous previous convictions. The State has the right to impeach the credibility of the witnesses for the other side. R.S. 15:486. The prosecutor did not violate the rules set out in these two statutory provisions.
Accordingly, the conviction and sentence are affirmed.