DIXON, Justice.
The defendant, Joseph Milton Cormier, was charged by bill of information with armed robbery. He was alleged to have been one of two men who robbed the Allied Finance, Inc. in Lafayette, Louisiana on May 3, 1972. Four employees of Allied Finance were held at gun point while the robbery occurred. Money was taken from the cash drawers of the company and from two of the employees. After the robbery all of the employees were taken to the police station and placed together in a room to view photographs of possible suspects. Each was given a large group of photographs to view, and while going through these, one of the witnesses, Mrs. Donald Soileau, exclaimed that she recognized one of the robbers in the pictures. The picture was that of the defendant. The other witnesses examined the photograph she had identified and concurred in the identification. The investigating officer took the picture and put it back in a large pile of pictures. Each of the remaining three witnesses then separately went through the pictures and each picked out the picture of the defendant identifying the picture as one of the robbers.
Trial was held on June 18 and 19, 1973 in Lafayette. The jury returned a verdict of guilty as charged. The vote of the jury was 10-2. Defense counsel perfected and argues a single bill of exceptions.
The first witness called by the State was Mr. Monte, one of the four persons present at the holdup. As he was about to identify the defendant as one of the robbers, the defense counsel asked for the removal of the jury in order to test the validity of the photographic line-up. After eliciting the above described facts of the procedure, defense counsel moved for exclusion of the identification. The trial judge denied the *744 motion, concluding that the photographic identification was not tainted by the fact that Mrs. Soileau had picked out the defendant’s picture and showed it to the other three witnesses. After an exception was reserved, the jury was brought back and each of the four employees present at the holdup identified the defendant as one of the robbers.
Defendant’s only argument on appeal is that the trial judge erred in allowing the identification of the defendant by each of the witnesses other than Mrs. Soileau.
There is no showing that the other three witnesses’ identification was influenced by Mrs. Soileau’s identification. The witness Monte testified that Mrs. Soileau’s identification did not influence his identification.
Additionally, in this case the record shows that the in-court identification of the defendant by the other three witnesses had a basis independent of the photographic line-up. If all the circumstances and the testimony of the witness show that there is a sufficient basis for an independent in-court identification, irregularities in a pretrial line-up will not bar the in-court identification. State v. Richey, 258 La. 1094, 249 So.2d 143, 158, 159 (1971); State v. Henderson, 253 La. 981, 221 So.2d 480 (1969). Monte testified that he identified the defendant in court on the basis of his recollection of the robbery, not from viewing the picture.
Mrs. Broussard also testified that her in-court identification was the result of viewing the defendant during the robbery. The identification in court did not violate the defendant’s constitutional rights. The bill of exceptions is without merit.
The conviction and sentence are affirmed.
BARHAM, J., dissents with reasons.