315 So.2d 695 (1975)
STATE of Louisiana
v.
Edgar Lee NANCE.
No. 55858.
Supreme Court of Louisiana.
June 23, 1975.
*697 John T. Cox, Jr., Blanchard, Walker, O' Quin & Roberts, Shreveport, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John A. Richardson, Dist. Atty., Paul J. Carmouche, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
The defendant, charged by bill of information with armed robbery, LSA-R.S. 14:64, was convicted by jury of simple robbery, LSA-R.S. 14:65, and was sentenced to serve three years in the Caddo Parish Jail. In this appeal, he presents twenty four assignments of error for our review. We hold that they are without merit and affirm the conviction.

ASSIGNMENT OF ERROR NO. 1
Some six months before trial the State amended the bill of information to change the date of the offense from April 13, 1974, to April 14, 1974.
Date or time is not an essential element of armed robbery. The amendment was properly allowed. LSA-C.Cr.P. Art. 487; State v. Pickett, 261 La. 237, 259 So.2d 307 (1972).

ASSIGNMENTS OF ERROR NOS. 2 AND 3
These assignments relate to the denial of defendant's "Motion to Participate in His Own Defense" in which he sought to be released to investigate the offense and search for witnesses. He also sought access to a typewriter and law books.
*698 The provision of Article 511 of the Louisiana Code of Criminal Procedure that a defendant "has the right to defend himself" sets forth the general principle that a defendant has a right to interpose such defenses as he has at the trial. It does not mean that the defendant has the right to be set at liberty to investigate his case. The defendant here was unskilled in the law and was represented by able court-appointed counsel. He was charged with a very serious offense. Denial of this motion was within the discretion of the trial judge. See State v. Frizzell, La., 273 So.2d 831 (1973).

ASSIGNMENT OF ERROR NO. 4
At the hearing on the Motion to Reduce Bail, bail was reduced from $25,000 to $10,000. Defense counsel urges as error the failure of the district court judge to further reduce bail.
Article 317 of the Louisiana Code of Criminal Procedure provides:
"The amount of bail shall be such as in the judgment of the magistrate will insure the presence of the defendant, having regard to:
(1) The seriousness of the offense charged;
(2) The weight of the evidence against the defendant;
(3) The previous criminal record of the defendant;
(4) The ability of the defendant to give bail; and
(5) Any other circumstances affecting the probability of the defendant's appearance."
The defendant, a North Dakota resident, was apprehended shortly after the offense. His clothing matched that worn by the robber, and he had in his possession money taken in the robbery. Armed robbery, as we have observed, is a serious offense, with a maximum of ninety-nine years imprisonment.
We find no abuse of discretion on the part of the trial judge.

ASSIGNMENT OF ERROR NO. 5
Prior to trial, defense counsel filed a motion for a bill of particulars. In its answer the State furnished much of the information requested, but the trial judge refused, over defense objection, to order the State to furnish information as to the following:
(a) the items and currency taken, where they were seized, and whether they were found on the defendant's person;
(b) whether the defendant signed any waiver of his constitutional rights;
(c) the names and addresses of witnesses;
(d) lineups conducted;
(e) the chain of evidence;
(f) "upon whom" and "in what manner" ". . . the alleged use of force and intimidation by defendant" occurred;
(g) the type of dangerous weapon used; and
(h) any fingerprints discovered.
The information which the State provided included: the time and date of the offense, the location of the arrest, the names of the arresting officers and another officer who interrogated the defendant prior to booking, that no confessions or admissions were made, and the name of the complaining witness and victim.
The purpose of the bill of particulars is to more fully inform the defendant of the nature and cause of the charge against him and to provide him with sufficient information before trial to properly prepare his defense. It cannot be used, however, to secure a pre-trial disclosure of *699 the details of the State's evidence. State v. Rose, La., 271 So.2d 863 (1973).
The information provided clearly was sufficient. The trial court ruling was correct.

ASSIGNMENTS OF ERROR NOS. 6-13, 15 AND 20
In these assignments, defendant asserts that his arrest and the search and seizure which followed were violative of the Fourth Amendment to the United States Constitution in that the arrest was not based upon probable cause. Defendant asserts that the evidence subsequently obtained was a "fruit of the poisonous tree" under Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). We disagree. The testimony adduced on the motion to suppress and at trial indicates that the arrest was upon probable cause and that the evidence was properly admitted.
The robbery occurred at the Zylks Store in Rodessa, Louisiana, in the extreme northwest portion of Caddo Parish. Mr. Carl Zylks, the proprietor of the store, testified that on the day of the robbery, a Sunday on which he is usually closed for business, he had allowed two boys (whose parents had telephoned in a special order) to enter through the back door to pick up the ordered goods. When the boys entered, a hitchhiker, whom they had seen on the highway, entered with them. The hitchhiker, identified by both boys as the defendant, left the store without making a purchase. As the two boys drove away, the hitchhiker lingered at the front of the building. Mr. Zylks testified that the robber then re-entered the store through the rear door and, after Mr. Zylks said he was closing up, the robber "come up behind and put it (a steel bar) around my neck" and said that he wanted money. Although the victim's testimony is vague as to the exact amount taken, he indicated that some ten-dollar bills, some ones, and rolls of quarters, nickels, and some pennies were taken. The robber then tore the telephone from the wall and used the cord to bind Mr. Zylks.
Deputy Dale Nix of the Caddo Parish Sheriff's Department arrived at the scene of the crime at about 1:30 p.m., approximately one hour after the robbery. He testified at the hearing on the motion to suppress that he obtained a description of the robber from Mr. Zylksthat of a Negro male between the ages of seventeen and twenty-one, wearing maroon pants and a dark shirt and in possession of a green trench coat (T105).
Deputy Nix relayed this information to Deputy Roy Bain, who, in civilian clothes and in an unmarked car, proceeded north in search of the robber. He testified that he spotted the defendant wearing clothes matching the description given and carrying a rolled-up trench coat. As his vehicle approached, the defendant raised his hand, Deputy Bain stopped the vehicle, and the defendant entered, sitting directly opposite Bain. The officer then turned his vehicle around and proceeded back toward the Zylks Store. Bain then took the defendant's trench coat, which had been on the front seat between the two of them, and placed it on the floor out of the defendant's reach. In the coat, he felt objects that had the shape of shotgun shells.
Upon arriving at Zylks' Store, defendant was formally advised that he was under arrest and of his constitutional rights. The coat was searched, and the objects in the coat turned out to be rolls of coins that had been taken from the grocery store.
It is the incriminating evidence discovered in defendant's trench coat which was the object of the motion to suppress here.
In State v. Dell, 258 La. 1024, 249 So.2d 118 (1971), this Court held:
"In this state an arrest without warrant is lawful when made by a peace officer when: `The peace officer has reasonable *700 cause to believe that the person to be arrested has committed an offense although not in the presence of the officer * * * This `reasonable cause' we have found to have the same meaning as `probable cause' under the federal and state constitutional guarantees against unreasonable search and seizure. State v. Millsap, 258 La. 883, 248 So.2d 324 (1971). See also U.S.Const. 4th Amend.; La.Const. Art. 1 § 7.
"This `probable cause' exists when the facts and circumstances within the arresting officer's knowledge, and of which he has reasonable, trustworthy information, are sufficient in themselves to justify a man of average caution in the belief that an offense has been or is being committed. Compliance with these standards is, in the first instance, a substantive determination to be made by the trial court from the facts and circumstances of the case.
"And in determining compliance with these standards it is not the proof required for conviction which is relevant. Proof required to satisfy the requirement of probable cause, or reasonable cause to believe, is less and is what the terms imply: probabilities and practical considerations of everyday life on which reasonable men could reasonably be expected to act."
The arrest of defendant, which we can assume occurred when his movement was restricted by Officer Bain, was based upon the reasonable conclusion that defendant had robbed Mr. Zylks; and since the arrest was legal here, Officer Bain had a right to search the defendant. LSA-C.Cr.P. Art. 201; State v. Williams, La. 304 So.2d 311 (1974).
The defense argument that, at the time of the seizure of the coat, the defendant had not "knowingly, intelligently and voluntarily" relinquished his coat is without merit. A waiver permitting a search is necessary only when authority to search is lacking. Consent is not a prerequisite to a search following arrest upon probable cause. Gustafson v. Florida, 414 U.S. 260, 94 S.Ct. 488, 38 L.Ed.2d 456 (1973); State v. Witherspoon, La., 292 So.2d 499 (1974).
The defendant also contends that the search of the coat was not contemporaneous with the arrest. Hence, he asserts, the search was constitutionally defective.
Recently, in United States v. Edwards, 415 U.S. 800, 94 S.Ct. 1234, 39 L.Ed.2d 771 (1974), the United States Supreme Court held that "searches and seizures that could be made on the spot at the time of arrest may legally be conducted later when the accused arrives at the place of detention."
As we have assumed, making an assumption most favorable to the defendant, the arrest occurred when defendant's freedom of movement was first restrained. At that time, the officer placed the coat out of reach of the defendant. He examined and seized the contents upon arrival at the grocery store.
It is true that the present search, unlike that in United States v. Edwards, supra, was not made at the "place of detention." In fact, the search was made much earlier. Nonetheless, the holding of that case is applicable here.

ASSIGNMENT OF ERROR NO. 14
In this assignment, defense counsel argues that the trial judge did not conduct the trial in an impartial manner. Although our review of the record would warrant the opposite conclusion, we do not reach this issue because of the failure of defense counsel to raise his objection orally or include it in a written motion. See LSA-C.Cr.P. Art. 841.

ASSIGNMENT OF ERROR NO. 16
In this assignment, defense counsel argues that the pretrial identification *701 procedures were "unnecessarily suggestive" under Foster v. California, 394 U.S. 440, 89 S.Ct. 1127, 22 L.Ed.2d 402 (1969).
At trial, the State sought to elicit identifications from three witnesses. The two Hall boys identified the defendant. However, Mr. Zylks, although noting that the defendant "resembled" the robber, could not make a positive identification.[1]
The defense objection relating to Mr. Zylks is based on the assertion that Mr. Zylks was allowed to view the defendant shortly after he was arrested and returned to the store. Although the failure of Mr. Zylks to make a positive identification would preclude any finding of prejudice or error here, we note that a one-on-one identification, made shortly after commission of the offense when the defendant is returned to the scene of the crime, is a permissible procedure. Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); State v. Newman, La., 283 So.2d 756 (1973).
Nor were the circumstances surrounding the lineup identification by the Hall boys impermissibly suggestive. Deputy Bobby Wilkins, who supervised the lineup at the Shreveport jail, testified that, in addition to the defendant, four men, similar in physical appearance and dress to the defendant, participated in the lineup. He further testified that the identifications were made one at a time and that all viewings were made through a two-way mirror.
However, fourteen-year-old Gary Hall did testify that, on the way to view the lineup, Deputy Bain indicated that the robber would be included among the lineup participants. Defense counsel urges that this insinuation vitiated the probative effect of the lineup identification and irreparably tainted the in-court identification. We reach a different conclusion.
The lineup itself was properly conducted, and both boys said that no suggestion was made as to which lineup participant should be chosen. Moreover, an independent source existed for the in-court identification. See State v. Cormier, La., 303 So.2d 743 (1974). Both boys testified that they saw the defendant (1) hitchhiking and walking toward the Zylks Store after Sunday church; (2) at the Zylks Store when they entered later that day; and (3) in front of the Zylks Store after they left. Gregg Hall further testified that, on returning to Rodessa later that day (shortly before the defendant's arrest), he recognized the defendant who was hitchhiking toward the Texas state line.

ASSIGNMENT OF ERROR NO. 17
During the presentation of the State's case, Sydney Thornton, an Identification Officer with the Caddo Parish Sheriff's Department, was allowed to testify regarding his inability to obtain fingerprints from the telephone receiver which, according to the testimony of Mr. Zylks, had been torn from the wall by the robber. Mr. Thornton, whom the trial judge had accepted as an expert without defense objection, said that the petroleum-base substance of which telephones are made, when handled frequently, provides a difficult provides a difficult source for obtaining fingerprints.
The information obtained was not beyond the witness's knowledge and was relevant. Defense counsel cross-examined the witness extensively on this point. His objection is without merit.

ASSIGNMENTS OF ERROR NOS. 18, 19, 21, AND 23
In these assignments, defense counsel alleges that the demonstrative evidence introduced at trial, including photographs *702 of the lineup, the defendant's clothing, the money seized, and the steel weapon alleged to have been used in the robbery, were introduced without the State having shown an adequate chain of custody.
In State v. Dotson, 260 La. 471, 256 So.2d 594 (1971), we held:
"The law does not require that the evidence as to custody eliminate all possibility that the object has been altered. For admission, it suffices if the custodial evidence establishes that it is more probable than not that the object is the one connected with the case. A preponderance of the evidence is sufficient. State v. Coleman, 254 La. 264, 223 So.2d 402; State v. Martin, 250 La. 705, 198 So.2d 897; State v. Bertrand, 247 La. 232, 170 So.2d 386.
"The lack of positive identification goes to the weight of the evidence, rather than to its admissibility. Ultimately, connexity of physical evidence is a factual matter for determination by the jury. State v. Wright, 254 La. 521, 225 So.2d 201; State v. Whitfield, 253 La. 679, 219 So.2d 493; State v. Progue, 243 La. 337, 144 So.2d 352; 2 Wharton's Criminal Evidence (12th ed.), § 673, p. 617."
The lineup photos were clearly admissible. Officer Sydney Thornton, who took the photographs, and Officer Bobby Wilkins, who was present when the photos were taken, testified that the photos depicted the lineup in which the defendant participated as they remembered it. See State v. Sears, La., 298 So.2d 814 (1974).
The objection to the other evidence is also without merit. On the day of the robbery, Deputy Bain obtained from the defendant the trench coat and the money. Upon turning the defendant over to the jailer later that afternoon, he obtained the defendant's other clothing. Mr. Zylks, who was in possession of the steel blade, turned that item over to Deputy Bain later that evening. These items were placed in a paper bag in the trunk of Deputy Bain's automobile, and fifteen days later were turned over to the Caddo Parish Identification Officer, who placed them in a locked evidence room and produced them for use at trial.
The fact that the items remained in Deputy Bain's locked trunk for fifteen days does not break the chain of custody. At trial the items were adequately identified. Mr. Zylks said he turned the steel blade over to the Sheriff's Department (T-133). Deputy Bain corroborated receipt of the blade and recognized its unique shape (T-162). Deputy Bain recognized the trench coat as the one he seized from defendant; and Deputy Nix, who first saw the coat in Deputy Bain's possession shortly after the arrest, also identified the coat. The other clothing was also identified by both Bain and Nix.
Defendant's objection to the money admitted in evidence relates to the fact that neither the arresting officers nor Mr. Zylks could state with exactness the amount of money taken. However, all were in agreement that there were stolen several one-dollar bills, at least one ten or twenty-dollar bill, and various coins, some in rolls. Mr. Zylks said that the rolls of coins were taped with the kind of tape which he used (T-135). And Deputy Bain testified that the rolls introduced in evidence were wrapped and taped in the same manner as those taken from defendant.
The evidence objected to here was properly admitted.

ASSIGNMENT OF ERROR NO. 22
Defendant here urges error in the denial by the trial judge of his Motion for a Directed Verdict. He relies upon Article 778 of the Louisiana Code of Criminal Procedure and State v. Douglas, La., 278 So.2d 485 (1973), and asserts that "the record *703 is totally devoid of any evidence connecting defendant with the alleged crime."
We disagree. Although Mr. Zylks, the victim, failed to make a positive identification, defendant's presence at the scene of the crime was shown by the testimony of two witnesses. He is further tied to the robbery by the fact that, at the time of his apprehension, shortly after the robbery and less than two miles north of the Zylks Store, he was in possession of the stolen money.

ASSIGNMENT OF ERROR NO. 24
This assignment relates to the trial court refusal to give the following special charge requested by the defendant:
"The failure of the State to call a witness, represented by the State's own evidence to have knowledge of certain facts and even allegedly the control of the alleged `weapon' entitles the accused to the presumption that if the State had called him, his testimony would not have been favorable to the State."
The requested charge relates to the failure of the State to call to the stand Identification Officer Bennett of the Caddo Parish Sheriff's Department. It is based upon the statement by Deputy Nix, who assisted in defendant's arrest, that Officer Bennett was the identification man called to the scene. However, the State did call to the witness stand Officer Thornton, who related that he was the identification man who investigated the matter.
To require the trial court to give a requested special charge, it must be wholly correct and pertinent and not covered by the general charge. LSA-C.Cr.P. Art. 807, State v. Fox, 251 La. 464, 205 So.2d 42 (1967).
The trial judge, in denying the requested charge here, stated that his general charge "will include the general area to which the charge alludes concerning potential witnesses that might or might not be called and the effect of their not being called." Although the general charge is not included in the record on appeal, we, nevertheless, find the trial judge's refusal to be without error. The requested charge, in our opinion, was not pertinent, and, therefore, was properly refused.
For the reasons assigned, the conviction and sentence are affirmed.
BARHAM, J., concurs with reasons.
BARHAM, Justice (concurring).
I concur in disposition of Assignment of Error No. 5 because no fingerprints were used. See dissent in State of Louisiana v. Barnard, 287 So.2d 770 (La.1975). See also, Barnard v. Henderson, 514 F.2d 744 (5th Cir. 1975). I also concur in disposition of Assignments of Errors 6 through 13, and 15 and 20.
NOTES
[1] There was evidence that Mr. Zylks, whom defense counsel describes in brief as an "elderly man," made a lineup identification of the defendant. At trial, Zylks could not recall that lineup identification.