352 So.2d 1297 (1977)
STATE of Louisiana
v.
John A. MACKIE.
No. 60202.
Supreme Court of Louisiana.
December 19, 1977.
Thomas J. Ford, Jr., Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
The State charged defendant, John A. Mackie, with distribution of heroin, a violation of LSA-R.S. 40:966. After a trial, the jury found defendant guilty as charged. The court sentenced defendant to life imprisonment. Defendant appeals his conviction and sentence, relying upon two assignments of error.
The record discloses that on September 17, 1975, in the presence of Calvin Briggs, defendant sold 25 "papers" of heroin for $200 to Agent Henry Braud, Jr., of the Drug Enforcement Agency.

ASSIGNMENT OF ERROR NO. 1
In Assignment of Error No. 1, defendant complains that the trial court erred in not allowing him to proceed to trial with the attorney of his choice. Defendant contends that he was prejudiced when the trial court refused to grant a continuance when his retained counsel did not appear on the day of trial due to illness.[1]
*1298 At defendant's March 4, 1976 arraignment, he was represented by court appointed counsel. Thomas Ford, a public defender. Later, the court fixed a hearing for March 8 to determine legal representation. The hearing was continued until March 11. On that date, the hearing was continued again to allow defendant more time to retain counsel. The matter came on for hearing again on March 15. On that date, the retained counsel, George Fust, failed to appear. Instead, he transmitted a message that he represented the defendant but that his involvement in another case prevented his appearance. The matter was continued for one day. On March 16, Attorney Fust was enrolled as counsel. The trial was set for April 19.
On April 19, on a defense motion, the trial was continued to May 10 to allow the defendant to file motions.
On May 10, the trial was continued because that date was a legal holiday. Later the trial was refixed for May 21.
On May 21, the trial was continued to June 4, because of the illness of defense counsel and because the State's narcotic evidence was unavailable. On that date, the court appointed Attorney Ford to assist defendant and set a second attorney status hearing on May 24.
At the attorney status hearing, Attorney Fust did not appear, but the minutes recite that the trial judge conferred with him by telephone. The trial date of June 4 was confirmed. Later, however, it was rescheduled for June 7 by agreement of the State and defense.
On June 7, 1976, the minutes recite that the trial was continued to June 10, because the narcotic evidence was still at the laboratory.
On June 10, Defense Attorney Fust failed to appear because of an injury. Attorney Ford appeared with the defendant. Because of the absence of Attorney Fust, the court continued the case until June 18. In continuing the case, the court appointed Attorney Ford to represent the defendant at the trial in the event Attorney Fust did not appear. The court granted Attorney Ford to June 14 to file any additional motions. The following colloquy took place:
"BY THE COURT: All right. Mr. Mackie, it is my understanding that your attorney has some broken ribs, and he cannot appear this morning. I have had several problems in having you and your attorney ready for trial. Not all of the problems have been your fault or your attorney's. Some of them have been the DEA not having the evidence here, and a number of times your case has been continued. Due to the fact that Mr. Fust is in ill health, the court is appointing you an attorney, Mr. Ford. We plan to go to trial with you and with Mr. Ford and Mr. Fust. And, if Mr. Fust does not show up on the next event, you are going to trial with Mr. Ford, an appointed attorney.

Do you have money to hire another attorney, sir?
"BY JOHN MACKIE: Yeah. I think my father can get money.
"BY THE COURT: Is your father here in court?
"BY JOHN MACKIE: He was. He went downstairs.
"BY THE COURT: All right. We will give you a phone call slip to do whatever you want to do. The court is appointing Mr. Ford to represent you, and we are going to have a trial set on what day?
"BY MR. MEISSNER: June 18th, Your Honor, next Friday.
"BY THE COURT: June 18th, and it will go to trial that day.

"BY MR. FORD: Your Honor, I ask that I have until Monday to file special pleadings. There are some things that I would like to file in this matter. We can hear them before the trial with no problem.

*1299 "BY THE COURT: Mr. Ford, I had appointed you to assist Mr. Fust on the 21st of May, so now I am going to appoint you and I am letting the defendant know that if his attorney is not present in court that you are going to be going to trial with him." [Emphasis added.]
On June 18, Attorney Fust again did not appear because of illness. The following colloquy occurred:
"BY MR. FORD: At this time, Your Honor, out of an over abundance of caution, I move that George Fust be retained on the case, and that I be removed. Okay. It's because of the statements made by the defendant. He does have the right to the lawyer of his own choosing.
One more question before I make my motion.
Has your father retained George Fust as counsel for this matter too?
"BY JOHN MACKIE: Yes.
"BY MR. FORD: Okay. Fine. I'd like to complete my motion now. He does have a right to counsel of his own choosing. He did choose Mr. Fust, and he has paid Mr. Fust, and he does have a right to have him as his representative attorney.
"BY THE COURT: All right. Mr. Mackie, do you understand that Mr. Fust is presently in the hospital?
"BY MR. MACKIE: Yes.
"BY THE COURT: You understand that? Do you also understand thatwell this courtI'm not commenting to you, sir, but I am commenting for the record.
"BY MR. FORD: Yes, sir.
"BY THE COURT: That the court feels that I have an obligation to see to it that defendants get a fair trial. And to see to it that they are adequately defended. I feel that Mr. Fust's present condition, and the conditions that he has had for the last few instances in this court were that he at this present time is not in a position to adequately defend Mr. Mackie. For that reason, the court is taking it upon itself to appoint someone to assist Mr. Fust, and if Mr. Fust did not adequately defend Mr. Mackie that he would take over the defense of Mr. Mackie's case."
Louisiana Code of Criminal Procedure Article 712 provides that the granting of a continuance is within the sound discretion of the trial judge. We have consistently recognized the trial judge's wide discretion. State v. Winston, La., 327 So.2d 380 (1976); State v. Carruth, La., 311 So.2d 866 (1975); State v. Brewer, La., 301 So.2d 630 (1974); State v. Williams, 262 La. 317, 263 So.2d 306 (1972).
Whether a refusal to grant a continuance is justified depends upon the circumstances of the individual case. In the instant case, defendant contends that he was denied his constitutional right to the assistance of counsel of his choice. Sixth Amendment, U.S.Const.; Art. 1, § 13, La.Const. (1974).
In Ungar v. Sarafite, 376 U.S. 575, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964), involving the right to counsel, the United States Supreme Court stated:
"The matter of continuance is traditionally within the discretion of the trial judge, and it is not every denial of a request for more time that violates due process even if the party fails to offer evidence or is compelled to defend without counsel. Avery v. Alabama, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377. Contrariwise, a myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality. Chandler v. Fretag, 348 U.S. 3, 75 S.Ct. 1, 99 L.Ed. 4. There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied."
In United States ex rel. Carey v. Rundle, 409 F.2d 1210 (3rd Cir. 1969), the Court of Appeals stated:

*1300 "Desirable as it is that a defendant obtain private counsel of his own choice, that goal must be weighed and balanced against an equally desirable public need for the efficient and effective administration of criminal justice. The calendar control of modern criminal court dockets, especially in metropolitan communities, is a sophisticated operation constantly buffeted by conflicting forces. The accused's rightssuch as those relating to a speedy trial, to an adequate opportunity to prepare the defense, and to confront witnessesare constantly in potential or real conflict with the prosecution's legitimate demands for some stability in the scheduling of cases. The availability of prosecution witnesses is often critically dependent on the predictability of the trial list. That delays and postponements only increase the reluctance of witnesses to appear in court, especially in criminal matters, is a phenomenon which scarcely needs elucidation."
This Court has often upheld the trial court's denial of a continuance on the date of trial based on the illness of a defense attorney when the defendant is represented by other competent counsel. State v. Cloud, 130 La. 955, 58 So. 827 (1912); State v. Golden, 113 La. 791, 37 So. 757 (1905); State v. Murray, 111 La. 688, 35 So. 814 (1904).
Similarly, in State v. Sinclair, 258 La. 84, 245 So.2d 365, vacated on other grounds at 408 U.S. 939, 92 S.Ct. 2871, 33 L.Ed.2d 760 (1972), we upheld a denial of a continuance presented on the date of trial when a death in a defense counsel's family caused his absence. We ruled that where defendant's other court appointed attorney was present, the trial court properly denied the continuance.
On the date of trial, June 18, Thomas Ford moved that he be allowed to withdraw from the case since defendant indicated that he preferred that Mr. Fust represent him. The trial court denied the motion.
While defendant does have an unquestioned right to counsel of his choice to defend him in a criminal case, we have consistently interpreted this right as one which cannot be manipulated to obstruct the orderly procedure in our courts and which cannot be used to thwart the fair administration of justice. State v. Anthony, La., 347 So.2d 483 (1977); State v. Frezal, La., 278 So.2d 64 (1973); State v. Austin, 258 La. 273, 246 So.2d 12 (1971). The jurisprudence elsewhere is consistent. See Maynard v. Meachum, 545 F.2d 273 (1st Cir. 1976); United States v. Vallejo, 496 F.2d 960 (1st Cir. 1974); Johnson v. State, 139 Ga.App. 829, 229 S.E.2d 772 (1976); State v. Carll, 161 Me. 210, 210 A.2d 680 (1965); People v. Willis, 6 Ill.App.3d 980, 286 N.E.2d 72 (1972).
The law is equally well settled that a defendant cannot, by a last minute change of counsel, force a postponement of his trial. State v. Anthony, supra; State v. Alexander, La., 334 So.2d 388 (1976); State v. Stafford, 258 La. 523, 246 So.2d 849 (1971). A denial of a motion for a continuance made on the day of trial on grounds that the defendant is dissatisfied with his attorney has been held to be proper. State v. Austin, supra.
Court appointed counsel, Thomas Ford, represented defendant at his arraignment in March, 1976. After serious problems developed in getting the case to trial, he was again appointed to assist defendant on May 21, 1976. On June 4, 1976, the court notified him of the need to prepare for trial in the event of the absence of the other attorney.
The defendant makes no contention that he was ineffectively represented. He contends only that he preferred to be represented by the same counsel that represented him in the federal court on a charge for the same offense. The record reflects that the federal case was disposed of on a plea of guilty without trial. In view of the repeated continuances and other circumstances shown here, the trial judge did not abuse his discretion in requiring the case to go to trial after ample notice.
We conclude that the assignment of error is without merit.

*1301 ASSIGNMENT OF ERROR NO. 2
In this assignment, defendant contends that the trial court erred in denying his request for the date, time, place, by whom, and from whom the heroin was obtained.
In State v. Nance, La., 315 So.2d 695 (1975), we described the function of the bill of particulars as follows:
"The purpose of the bill of particulars is to more fully inform the defendant of the nature and cause of the charge against him and to provide him with sufficient information before trial to properly prepare his defense. It cannot be used, however, to secure a pre-trial disclosure of the details of the State's evidence. State v. Rose, La., 271 So.2d 863 (1973)."
See also LSA-C.Cr.P. Art. 484, Official Revision Comment; State v. Perkins, La., 337 So.2d 1145 (1976); State v. Major, La., 318 So.2d 19 (1975); State v. Nelson, La., 306 So.2d 745 (1975).
The indictment charged that defendant distributed heroin in the Parish of Orleans on September 17, 1975. It adequately informs defendant of the nature of the charge against him to enable defendant to prepare his defense. We have held that a defendant is not entitled to the names of the State's witnesses or to the place of the offense. State v. Jones, La., 332 So.2d 267 (1976); State v. Hamilton, La., 307 So.2d 329 (1975). Therefore, the trial court judge properly denied the details sought in defendant's requests.
Assignment of Error No. 2 is without merit.
For the reasons assigned, the conviction and sentence are affirmed.
NOTES
[1] Although the record does not reflect that defendant presented a motion for continuance on the date of his trial, June 18, 1976, we will, nonetheless, consider the issue upon which the alleged continuance motion was based: defendant's right to counsel of his choice. We note that defense counsel effectively raised this issue prior to trial in moving "that George Fust be retained on the case, and that I be removed."