358 So.2d 1274 (1978)
STATE of Louisiana
v.
Willie C. RYAN.
No. 61116.
Supreme Court of Louisiana.
May 22, 1978.
Loyola Law School Clinic, Arthur A. Lemann, III, Supervising Atty., Deidre R. Lloyd, Student Practitioner, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
On November 11, 1976 defendant was charged by bill of information with possession of heroin with intent to distribute.
*1275 After trial by jury, defendant was found guilty of possession of heroin. He was sentenced as a multiple offender to serve twelve years imprisonment at hard labor. Two assignments of error are presented on appeal.

Assignment of Error No. 1
Defendant contends that the trial court erred in denying a motion to suppress evidence seized at the time of his arrest.
The evidence adduced at the hearing on the motion to suppress is as follows.
Shortly after noon on November 3, 1976, Officers Earl Johnson and Jacob Johnson of the New Orleans Police Department observed the defendant walking along a sidewalk clutching a yellow object in his hand. The officers were patrolling in an unmarked car and had no information concerning the activities of the defendant. Officer Jacob Johnson testified that as they passed the defendant in their car, it appeared that he was trying to conceal what he was holding by turning his hand away from the street. Their suspicions aroused, the officers circled the block and came upon the defendant still carrying the object, on another street. The testimony of the two officers differed as to the events that followed. Officer Jacob Johnson testified that he jumped out of the car immediately after seeing that the defendant was still carrying the object. Officer Jacob Johnson stated that the defendant threw the object to the ground as soon as he saw the officer leave the car and start in his direction. Officer Jacob Johnson walked past the defendant to retrieve the object while Officer Earl Johnson stopped the defendant. Officer Earl Johnson, on the other hand, testified that the defendant dropped the object before Officer Jacob Johnson jumped out of the car. There was no other testimony about the seizure.
The object was a manila envelope containing approximately fifty heroin capsules.
The defendant argues that the evidence was seized pursuant to an illegal arrest or detention and therefore should have been suppressed. The State argues that the envelope was abandoned without any prior intrusion by the police and therefore the motion to suppress was properly denied.
In State v. Smith, 347 So.2d 1127 (La. 1977), we set out the following principles relative to evidence seized pursuant to an investigatory stop:
"The right of the police to make an investigatory stop must be based upon reasonable cause sufficient to cause them to suspect the detainee of past, present, or imminent criminal conduct. State v. Weathers, 320 So.2d 892 (La.1975); State v. Winesberry, 256 La. 523, 237 So.2d 364 (1970). As these decisions note, the reasonable cause must be determined under the facts of each case, by whether the officers had sufficient knowledge of particular circumstances sufficient to permit them to infringe upon that individual's right to be left alone free of government interference with his liberty.
If, however, the officers do not have the right to make an investigatory stop, evidence seized or otherwise obtained as the result thereof cannot constitutionally be admitted into evidence against a criminally accused. State v. Truss, 317 So.2d 177 (La.1975); State v. Finklea, 313 So.2d 224 (La.1975); State v. Jones, 308 So.2d 790 (La.1975); State v. Saia, 302 So.2d 869 (La.1974). This inadmissibility extends to property dropped or abandoned in response to an illegal stop. State v. Lawson, 256 La. 471, 236 So.2d 804 (1970)." 347 So.2d at 1128.
The officers in the present case clearly did not have reasonable cause to stop the defendant when they first saw him carrying the yellow object. They had no knowledge of his participation in criminal activity and the observation that the defendant was carrying an object with his hand turned away from the street falls woefully short of establishing reasonable cause to stop. The question thus presented is whether the evidence was abandoned in response to an illegal stop. Essential to this inquiry is a determination of the point at which the officers' actions infringed upon the defendant's right to be left alone.
*1276 In State v. Saia, 302 So.2d 869 (La.1974), two police officers noticed Charlene Saia leave an address known to be an outlet for drugs. When the police car pulled beside Saia as she was walking down the sidewalk, she put her hand inside the waistband of her pants and turned to walk in the other direction. The officers surmised that she was concealing contraband in her pants so they followed her back to the original address.
As Saia was walking up to the house, the officers left their car and overtook her from the rear. When they grabbed her near the door of the house she again reached inside her waistband and withdrew what appeared to be a glassine envelope containing heroin. The State argued that the police had probable cause to arrest the defendant and seize the heroin when they saw her take the envelope from her pants. We agreed, but found that was not determinative because the officers had unlawfully intruded upon her freedom of movement before seeing the heroin. The following language is pertinent to the issue at hand in the present case:
"The seizure in the instant case occurred when the police officers sprang from their car and overtook the defendant in front of 619 General Taylor. As Justice Harlan noted in his concurring opinion in Terry v. Ohio, supra, [Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889], the officer must first have the right not to avoid the person under suspicion but rather to approach him and by so doing intrude into the person's freedom of movement. The police cannot approach citizens under circumstances that make it seem that some form of detention is imminent unless they have probable cause to arrest the individual or reasonable grounds to detain the individual under Terry v. Ohio, supra. Police officers cannot actively create `street encounters' unless they have knowledge of suspicious facts and circumstances sufficient to allow them to infringe on the suspect's right to be free from governmental interference.. . ." 302 So.2d at 873. (Emphasis added).
At the foundation of Saia is the proposition that police officers may not reap the benefits of their unlawful intrusion into a citizen's freedom of movement. This does not mean, however, that police are left impotent in their investigatory practices it is only when the citizen is actually stopped without reasonable cause or when that stop is imminent that the right to "be let alone" is violated. State v. Williams, 304 So.2d 311 (La.1974), is illustrative. In that case police officers noticed Clarence Williams walking along a street with a cardboard box under his arm. When Williams noticed the police he became startled, dropped the box to the ground and continued walking. The officers got out of their car and while one stopped the defendant the other looked in the box and found fourteen packages of weiners. While the ultimate issue in the case was the admissibility of a packet of heroin discovered while the police were questioning Williams, for the purposes of the present case it is significant that implicitly this court held that the examination of the box of weiners was permissible because it was abandoned before the defendant's freedom of movement had been restricted.
Similarly, in the present case, defendant Ryan abandoned the property before the police had intruded upon his freedom of movement. Even accepting Officer Jacob Johnson's testimony that the package was not dropped until after he had left the car, there was no violation of the defendant's rights. The officer had the right to move closer for a better view of what he considered suspicious activity: the defendant could not expect to carry contraband and drop it with impunity when he sees an approaching police officer. There is no expectation of privacy when property is abandoned, and no constitutional prohibition against seizure of abandoned property by police.
This assignment is without merit.

Assignment of Error No. 2
Defendant contends that the trial court erred in overruling his objection to the *1277 State introducing testimony concerning wholesale and retail distribution of heroin and the identification of and meaning attributed to needle "track marks" before introducing testimony connecting the defendant to the alleged possession of heroin.
C.Cr.P. 773, and its Official Revision Comment provide:
"Neither the state nor the defendant can be controlled by the court as to the order in which evidence shall be adduced; but when the evidence requires a foundation for its admission, the foundation must be laid before the evidence is admissible."
"The basic purpose of this article is to allow counsel to have a free hand in the conduct of his case. Furthermore, frequently the admissibility of some evidence depends on whether other evidence is admitted. Necessarily, such related evidence cannot be introduced at the same moment and frequently requires the joint testimony of several witnesses. Usually, therefore, the first piece of evidence is admitted subject to being `connected up' or subject to the second related piece of evidence being admitted."
While it would have been preferable that the State introduce evidence connecting the defendant to heroin traffic before it introduced general testimony concerning drug traffic and track marks, no error is shown where the State did in fact connect the defendant with the seized heroin later in the presentation of its case.
This assignment is without merit.
For the foregoing reasons, the defendant's conviction and sentence are affirmed.