364 So.2d 949 (1978)
STATE of Louisiana
v.
Ronald WASHINGTON.
No. 62124.
Supreme Court of Louisiana.
November 13, 1978.
*950 Lyall G. Shiell, Jr., New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, Asst. Dist. Atty., for plaintiff-appellee.
CALOGERO, Justice.
Defendant Ronald Washington was charged by bill of information with possession of heroin, a violation of R.S. 40:966. He was tried by jury, found guilty as charged, and sentenced to serve ten years at hard labor. On appeal he urges thirteen assignments of error. We deem it necessary to discuss only assignments of error one and eleven.[1] The remaining assignments we find to be without merit.

*951 ASSIGNMENTS OF ERROR NOS. 1 AND 11
By these assignments defendant contends that the trial court erred in denying his motion to suppress evidence and in admitting the evidence at trial. At a hearing on the motion the state and defense presented divergent accounts of the events leading up to the warrantless arrest of defendant and the seizure of evidence.
State's evidence at hearing on motion to suppress: Officer David Peralta of the New Orleans Police Department testified that on the morning of December 6, 1975, he received a call at his office from a confidential informant who reported that a man was dealing heroin from a van in the area of the Streamline Bar on Fern Street. During several hours of surveillance, Peralta observed defendant repeatedly emerge from the bar, walk to a van parked at the corner, enter the van after glancing up and down the street, and return into the bar followed by a group of people in the area. At one point, Peralta summoned another officer to "check on" defendant. When this officer approached him defendant put something in his mouth and swallowed it. The officer ran defendant's name through the computer and finding nothing released him.
While watching defendant as he resumed his prior activity, Officer Peralta's attention was engaged by the movement of a large number of people from the Streamline Bar to an area behind the bar reached by an alleyway. Suspecting that illegal activity was being conducted there (in fact it was later determined that a dice game had been in progress), Peralta called in other police officers to help him raid the bar. At 3:15 p. m., the police moved in. Coincidentally defendant was standing beside the van when the officers arrived and Peralta, approaching the bar from behind defendant, observed his reaction unseen. Defendant threw a matchbox into the truck and dropped a foil packet to the ground. Peralta retrieved the packet and finding that it contained heroin, he arrested defendant and seized the matchbox (later found to contain heroin also) from the truck. In the meantime, the rest of the task force had discovered the illegal dice game behind the Streamline and made eighteen arrests.
Defense evidence at hearing on motion to suppress: Defendant testified that he went to the Streamline bar with Curtis Turner, a friend who drove there in his delivery van. Turner became absorbed in the dice game and sent defendant to the van, once to pick up some checks and another time to get cigarettes. On one of these trips, a police officer who had been observing the dice game stopped and searched the defendant, then released him after checking him through the computer. When the raid occurred, defendant had just concluded a visit to a friend in the neighborhood and seeing the activity at the Streamline, he went to Alton's Bar two blocks away. Peralta and another police officer sought him out there, returned him to the truck which they believed to be his, searched the truck and arrested him for the possession of drugs found inside. A defense witness testified that he had seen defendant led handcuffed between officers from Alton's Bar to the van near the Streamline.
Defense counsel argues in brief that the record does not establish probable cause to search defendant nor an abandonment of the seized narcotics.
The trial judge obviously accepted the testimony of the police officers rather than that of the defendant and the sole defense witness at the motion to suppress. Because the trial judge is in a better position to evaluate the credibility of the witnesses, his conclusion concerning their credibility is entitled to great weight and will not be disturbed on review unless clearly erroneous. State v. Gaines, 347 So.2d 1153 (La.1977).
Accepting Officer Peralta's account of the events which transpired prior *952 to defendant's arrest, the conduct of the police in this case was lawful. The officer's testimony may not have established grounds to detain defendant prior to the examination of the discarded heroin, but this issue need not be resolved since defendant's abandonment of the foil packet was not a product of police detention. Compare, State v. Ryan, 358 So.2d 1274 (La. 1978); State v. Smith, 347 So.2d 1127 (La. 1977); State v. Cook, 332 So.2d 760 (La. 1976). After setting forth what was at least a basis for interest in defendant, Peralta emphasized that when the police approached defendant, they were moving toward the Streamline bar, not especially toward defendant. Defendant's erroneous belief that the officers, a significant distance away, intended to confront him is not chargeable to the police. Compare, State v. Smith, supra; State v. Saia, 302 So.2d 869 (La.1974). Consequently, when he abandoned the foil packet, he abandoned any reasonable privacy interest in it, and there was no constitutional prohibition against the officer's retrieving it. See, State v. Ryan, supra.
Once Officer Peralta had examined the contents of the packet, he was justified in arresting defendant and seizing the matchbox from the van. See, La.C.Cr.P. Art. 213; State v. Robinson, 342 So.2d 183 (La.1978); State v. Gordon, 332 So.2d 262 (La.1976). Therefore, the motion to suppress was properly denied.
These assignments lack merit.

Decree
For the foregoing reasons the conviction and sentence of the defendant Ronald Washington are affirmed.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] The remaining eleven assignments are presented in eight arguments as follows:

2. The trial court erred in denying defendant's motion for mistrial based on a defense witness' possibly being observed by the jury in handcuffs.
3. The trial court erred in overruling defense objection to witness' offering his conclusion.
4, 6, 7. The trial court erred in overruling defense objection to trial court's questioning of police officer not qualified as a fingerprint expert, and commenting on witness' qualifications.
5. The trial court erred in overruling defense objection to court's prompting a state witness.
8, 9. The trial court erred in overruling defense objection to police officer's testimony regarding track marks, and to examination for track marks in jury's presence.
10. The trial court erred in overruling defense objection to improper rebuttal examination.
12. The trial court erred in overruling defense objection to argument concerning matters not in evidence.
13. The trial court erred in overruling defense objection to improper rebuttal argument by state.