GARRISON, Judge.
This is an appeal from a decision of the Juvenile Court for the Parish of Orleans condemning Wayne Collins to be committed to the Department of Corrections for a period of twenty-four months, of which twenty months are suspended and four months are to be served, for a violation of R.S. 14:69. Collins was in possession of a Colt Lawman Mark III .357 Magnum “snub-nosed” revolver, which was reported stolen by its licensed owner, Robert J. Lewis. From that conviction, which we now affirm, Wayne Collins appealed.
The Juvenile Court found the following facts:
On October 22, 1979, Fischer Jewelry and Loan Co. notified the New Orleans Police Department that a robbery was committed when an unidentified 5'6" black male, with a medium bush and wearing a striped shirt, grabbed a ring *918 from a customer’s hand and ran out of the store. The suspect was accompanied by a 5'7" or 5'8" black male of medium complexion. Store personnel informed the police that the two suspects had run in the direction of University Place.
Officers Kelly and Marrione passed the Burger King located in University Place, one-half block from the jewelry store, and saw Wayne Collins through the window. Collins fit the description of one of the suspects.
Wayne Collins and Van Anthony Du-gay were in the process of obtaining lunch. Dugay was ordering the food. Collins left a briefcase in the booth while he went to the bathroom. Marrione testified that Collins was sitting in the booth prior to heading for the bathroom. Mar-rione testified that Dugay returned to the booth with the food. Marrione further testified that both suspects appeared “nervous” and the Dugay tried to push the briefcase away from him, apparently in an effort to conceal it.
While his partner was detaining Collins, Officer Marrione asked Dugay who owned the bag and asked Dugay to hand it to him. Dugay said that Collins owned it and handed over the bag without objection. Marrione took the case over to Collins, who denied ownership of the bag. Marrione opened it and found the gun. A subsequent check of the National Crime Information Center computer indicated that the gun was stolen. The police returned to the Fischer Jewelry Store with the two suspects. Store personnel indicated that Collins and Dugay did not rob the jewelry store.
Dugay and Collins were charged with violating R.S. 14:69, with regard to receiving stolen things. The District Attorney entered a nolle prosequi on behalf of Dugay. Counsel for defendant moved to suppress admission of the gun, which motion was denied.
On appeal Collins contends that the Juvenile Court improperly denied his Motion to Suppress the admission of the revolver into evidence, arguing that the gun was procured by an illegal, warrantless search and seizure in violation of the prohibition guaranteed by the Fourth Amendment of the U.S. Constitution and Art. 1, § 5 of the Louisiana Constitution of 1974.
The trial court found that the briefcase, belonging to Wayne Collins and containing the stolen weapon, constituted abandoned property. As stated by the Louisiana Supreme Court in State v. Ryan, 358 So.2d 1274 (1978) at 1276:
“There is no expectation of privacy when property is abandoned, and no constitutional prohibition against seizure of abandoned property by police.”
We agree with the conclusion of the Juvenile Court that the defendant’s actions in pushing the bag away coupled with his statement that the bag was not his constitutes abandonment. Accordingly, no warrant was required in order for the police to search the briefcase. State v. Washington, 364 So.2d 949 (1978).
For the reasons discussed, the judgment appealed from is affirmed.

AFFIRMED.