SEXTON, Judge,
concurring.
I file this concurrence to mark the similarity in the facts of the instant case to those in State v. Ryan, 358 So.2d 1274 (La.1978), and State v. Chopin, 372 So.2d 1222 (La.1979). All three seem remarkably similar to me. However, in Ryan the seizure was allowed but it was suppressed in Chopin. In the instant case, the officer observed the male defendant walking down the road late on a cool night with what appeared to be a woman’s purse. His interest aroused, he turned his vehicle around. He then observed the defendant to exit the ditch beside the road although there was no other traffic to cause him to be there. More importantly, he did not still have the bag.
Police officers may approach citizens without probable cause to arrest or reasonable cause to detain (just as any other person) as long as their conduct is not threatening or coercive to the extent that it amounts to an intrusion upon a constitutionally protected interest. United States v. Mendenhall, 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980); State v. Shy, 373 So.2d 145 (La.1979).
The turning of his vehicle by the officer cannot be said to be threatening or coer *1234 cive. Thus, the seizure of the abandoned bag is valid.