WATSON, Justice.*
A writ was granted to consider the State’s contention that the trial court erred in sustaining defendants’ motion to suppress evidence.
Both defendants, Elvis Spears and Willie J. Spears, are charged with possession of marijuana. LSA-R.S. 40:967. Elvis Spears is also charged with possession of dextro-propoxyphene in violation of LSA-R.S. 40:968. Possession of dextropropoxyphene is instead a violation of LSA-R.S. 40:969.
At the hearing on the motion to suppress, Officer Michael Bossetta was the only witness. On August 1, 1980, he and Officer Tuminello, dressed in plain clothes, were on routine patrol in an unmarked car. While cruising slowly in the 8400 block of Hickory Street, they smelled the aroma of marijuana through their open car windows. Defendants were four to five feet away, sitting on the hood of a car with their backs towards the officers. The two were sharing a hand rolled cigarette.
The officers approached defendants, who apparently recognized them as police. Defendants threw down the butt they were smoking, a coin envelope and two unburned cigarettes. Defendants were arrested. Officer Tuminello retrieved the abandoned property with the help of a flashlight. The coin envelope contained marijuana, and the three cigarettes were made with marijuana. The record does not reveal how the two pills of dextropropoxyphene were discovered.
Law enforcement officers may stop any person in a public place whom they reasonably suspect is committing an offense. LSA-C.Cr.P. art. 215.1; Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Chopin, 372 So.2d 1222 (La., 1979). There must be sufficient indi-cia of criminal conduct to justify an infringement upon the individual’s right to be left alone, free of governmental interference with his liberty. U.S.C.A.Const. Amend. 4; LSA-Const. 1974, Art. 1, § 5; State v. Ryan, 358 So.2d 1274 (La., 1978); State v. Weathers, 320 So.2d 892 (La., 1975).
At issue here is the reasonableness of the officers’ belief that defendants were committing an offense. The aroma of marijuana from the shared cigarette justified their initial suspicion. When the defendants reacted to their approach in a guilty manner by abandoning the cigarettes, the officers had an additional reason to believe that an offense was being committed. The police may lawfully seize abandoned property when there has been no prior unlawful intrusion into a citizen’s right to be left alone. State v. Perique, 340 So.2d 1369 (La., 1976). Retrieval of the marijuana confirmed the officers’ belief that it was contraband.[1] The abandoned property, consisting of the partially burned cigarette, the two other cigarettes and the coin envelope, is admissible.
The dextropropoxyphene pills were not identified as part of the abandoned property. No lawful seizure of the pills was shown, and the motion to suppress was granted correctly as to them. The fact that their possession was charged under the wrong statute is moot.
The ruling on the motion to suppress is affirmed in part and reversed in part and the case is remanded to the district court for further proceedings consistent with the views expressed herein.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
DIXON, C. J., concurs, finding probable cause plus a “throwdown”.

 Judges Frederick Stephen Ellis, Luther F. Cole and J. Louis Watkins of the Court of Appeal, First Circuit, participated in this decision as Associate Justices Ad Hoc, joined by Chief Justice Dixon, and Associate Justices Marcus, Watson, and Lemmon.

. In State v. Davis, 359 So.2d 986 (La., 1978), the officers did not detect any aroma prior to approaching a suspect with a cigarette. The only indication that the cigarette was contraband was the fact that it was hand rolled. The suspect was arrested, but the cigarette was not recovered.