AUGUSTINE, Judge.
On May 2, 1982, defendant Terry Gains was arrested by two New Orleans police officers for possession of pentazocine, a controlled dangerous substance, and was formally charged with that offense. At a pretrial hearing, the trial court ruled that there existed no probable cause for Gains’ arrest and, therefore, that the evidence— the pentazocine — should be suppressed. We granted certiorari to review that decision.
The facts which gave rise to the defendant’s arrest are these:
On May 2, 1982, Glen Serpas and Michael Walsh, both of the New Orleans Police Department, were riding in a marked police car near the intersection of Magazine and Felicity Streets when they were flagged down by a person whom they knew as “Sammie.” He advised the officers that at that moment, a person named “Terry” was engaged in a drug deal in front of 803 Felicity Street, about two blocks away. Terry was described as a black female, wearing a white shirt and short blue pants. The officers drove to that location and saw the defendant, dressed in the manner described, standing alone in the courtyard of an apartment complex. Upon observing the officers, the defendant walked toward the street, turned and continued toward the *112 700 block of Felicity Street. Along the way, she jettisoned a matchbox. At that point, Officer Walsh stopped the police car, allowing Officer Serpas to exit and retrieve the property. When it was discovered by Serpas that the matchbox contained seven sets of “Ts and Blues”, as the contraband is known, the officers followed the defendant and arrested her in the next block.
At the hearing of the motion to suppress, the defendant’s cross-examination of Officers Serpas and Walsh revealed a serious concern for whether the informant Sammie was credible and whether his information was reliable. It was established that the officers had scant knowledge of Sammie’s background and did not even know his last name. They had acted upon his information only once before, but that occasion did not yield an arrest or conviction. Based upon that information, the trial court ruled that because the State had not established the credibility of the informant and the reliability of his information, as required by Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1974), the evidence should therefore be suppressed for lack of probable cause to arrest. We reverse.
An unprovoked abandonment presents independent legal basis for the seizure of evidence, without regard to the question of probable cause. Stated another way, when property is truly abandoned, its seizure is beyond the protection of the Fourth Amendment because the individual’s right of privacy in the thing has come to an end. State v. Williams, 398 So.2d 1112 (La.1981); State v. Ryan, 358 So.2d 1274 (La.1978); State v. Perique, 340 So.2d 1369 (La.1976). If, on the other hand, the abandonment was caused by an illegal intrusion, the violation of the owner’s right of privacy has its remedy in the exclusion of the evidence. State v. Lawson, 256 La. 471, 236 So.2d 804 (La.1970).
We do not regard the officers’ conduct as intrusive. Although the information received by Serpas and Walsh may not have provided “probable cause” to arrest the defendant, its detail and specificity regarding the defendant’s description, location, and activity were sufficient to justify a reasonable curiosity as to the named suspect’s activity. The officers, then, were correct in at least driving to the suspect’s location to observe her and to verify for themselves whether she was engaged in any apparently illicit transaction. When they first arrived in the 800 block of Felicity Street, the policemen did not intrude upon the defendant’s freedom of activity or movement — the officers did not even stop their automobile and alight until after Ms. Gains threw down the matchbox.
To affirm the suppression of evidence in this case would require this court’s holding that Officers Serpas and Walsh intruded upon the defendant’s right of privacy by driving in her vicinity on a public street. With that proposition we cannot agree.
CONCLUSION
There being no unlawful intrusion upon the defendant’s right of privacy, the recovery of pentazocine was the result of a true abandonment by the defendant and is therefore beyond the protection of the Fourth Amendment. The evidence, therefore, should not have been suppressed. The ruling of the trial court is hereby reversed and the case is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.