BARRY, Judge.
Defendant was convicted of possession of marijuana with intent to distribute, La. R.S. 40:966, and sentenced to four years at hard labor.
A police officer noticed the defendant and two women standing near the open trunk of a car when the defendant exchanged handrolled cigarettes for currency. The officer approached defendant, advised him of his rights and requested that he open the trunk of his automobile where marijuana and handrolled cigarettes were found. Defendant was arrested for possession of marijuana and he and the evidence were transported to Central Lockup by a backup police unit.
Defendant claims the court improperly denied his motion to suppress the evidence because there was no probable cause, exigency, or consent, and the search was not incidental to a lawful arrest.
A constitutional warrantless search of a vehicle requires probable cause to believe that the vehicle contains contraband or evidence of a crime, and there must be exigent circumstances mandating an immediate search. U.S. v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982); Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). Under State v. Jones, 340 So.2d 563 (La.1976) probable cause for a search exists where a police officer observes suspected drug transactions.
The car was owned by defendant’s wife and could be easily moved, thus exigent circumstances existed. The officer told defendant what he had observed and apprised him of his rights before asking him to open the trunk. Defendant consented to the search by voluntarily opening the trunk. The motion to suppress was properly denied.
The defendant alleges there was insufficient evidence to support his conviction. He asserts the only evidence of any intent to distribute was his contact with the two women who were his alibi witnesses and testified they never received any drugs.
To support a conviction in a direct evidence case the reviewing court must determine whether, viewing the facts in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
In order to support a conviction under R.S. 40:966(A), the State must prove the defendant knowingly or intentionally distributed or dispensed a controlled dangerous substance classified in Schedule I. The officer observed the defendant exchange two handrolled cigarettes for currency and found a large number of hand- *115 rolled cigarettes and loose vegetative matter which were found to be marijuana. The evidence was sufficient to support a conviction for distribution of marijuana.
Defendant complains the arresting officer’s vision of the alleged drug sale was obscured and his testimony should have been excluded. Defendant claims he was standing behind the open trunk door and it was impossible for the officer {in front of the car) to observe any activity.
Defense counsel questioned the backup officer concerning what she could see while standing behind the open trunk. Twice the trial judge sustained objections after the officer testified that she didn’t know what a forty-five degree angle was (in relation to her position with the car). There was no error.
Defendant claims he was entitled to a mistrial because police witnesses violated a sequestration order. His wife testified the police officers discussed the trial while outside the courtroom. In cross-examination she could not recall any direct comments, but stated they spoke of defense counsel’s attempts to obtain a mistrial.
Defendant did not prove the order was breached. His wife’s testimony was inconsistent. An officer testified that she and the other witnesses did not discuss their testimony. Even if defendant had shown a breach of the sequestration order, a mistrial is not warranted absent an indication that the violation materially prejudiced him. State v. McGraw, 366 So.2d 1278 (La.1978). The trial judge found the officer’s testimony more credible and we find no error.
Defendant urges he should be re-sentenced because the court made errors in his marital status and previous probation period, and failed to consider the excessive hardship which would result from denial of probation. He also contends the judge improperly weighted a prior automobile theft conviction.
The trial judge properly noted defendant’s criminal record including misdemean- or convictions for theft and possession of stolen property in addition to the previous felony conviction for automobile theft. In compliance with C.Cr.P. Art. 894.1 he considered aggravating and mitigating factors. R.S. 40:966 B(2) provides a maximum ten year term and the four year sentence is clearly not excessive or so disproportionate as to shock society’s sense of justice. State v. Reed, 409 So.2d 266 (La.1982).
Defendant’s conviction and sentence are affirmed.
AFFIRMED.