503 So.2d 547 (1987)
STATE of Louisiana
v.
Renaldo G. AUGUST.
No. KA-6137.
Court of Appeal of Louisiana, Fourth Circuit.
February 12, 1987.
*548 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Michael E. McMahon, Asst. Dist. Atty., New Orleans, for appellee.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for appellant.
Before GULOTTA and GARRISON, JJ., and PRESTON H. HUFFT, J. Pro Tem.
GULOTTA, Judge.
Renaldo August, after reserving his right to appeal the denial of a motion to suppress, pled guilty to a violation of LSA-R.S. 40:966, possession of marijuana, second offender, and was sentenced to serve two years in the Orleans Parish Prison. The sentence was suspended and defendant was placed on two years active probation with the condition that he serve thirteen weekends in the Orleans Parish Prison. Appealing, defendant contends the trial court erred in denying his motion to suppress.
Before turning to defendant's assignment, we have examined the record and found that defendant's sentence was not recorded in the minutes of the court as required by C.Cr.P. Art. 871(A).[1] Nonetheless, the July 7, 1986 guilty plea form, signed by defendant, and the docket master both indicate defendant's sentence. Under these circumstances, we consider this error harmless.
In connection with the motion to suppress, defendant argues that because his conduct did not justify a forcible stop by the police officers, the "abandonment" of the evidence was the product of an "illegal stop" and should have been suppressed.
In denying defendant's motion to suppress, the trial judge stated in pertinent part:
"This case does not, in my opinion, turn on whether or not the officer had a right to frisk this gentleman for weapons. Under the law I don't know that he did. But under the circumstances, I feel that he did in fact at least have a right to confront the gentleman for a brief moment. The need to search him or pat him down, or frisk him for weapons, I don't think is perhaps justified under the law, more particularly, State of Louisiana versus William Hunter, but the frisk that subsequently occurred, or the pat down of the outer clothing of the gentleman did not in any way reveal any evidence that is alleged to have been in possession of this gentleman."
Evidence adduced at the suppression hearing reveals that the arresting officer and his partner, while patroling an area known for heavy drug trafficking, observed defendant leaning into a car parked in the center of the road and taking two dollars from the driver. After seeing the officers, defendant began "walking away rapidly". Suspecting that a drug deal had taken place, the officer ordered defendant "to freeze" and "put his hands on the car". While conducting a body search for weapons, the officer observed defendant "holding a plastic sandwich bag containing eighteen hand rolled cigarettes, and which at this time he threw it down on the ground".
The right of law enforcement officers to stop and interrogate one reasonably suspected of criminal conduct is recognized by LSA-C.Cr.P. Art. 215.1 as well as both state and federal jurisprudence. In determining whether reasonable cause for detention exists, the detaining officer must have sufficient knowledge of facts and a consideration of the "totality of the circumstances" in order to justify intrusion on an individual's right to be free from governmental interference. State v. Ossey, 446 So.2d 280 (La.1984); State v. Belton, 441 So.2d 1195 (La.1983). Accordingly, if there is reasonable cause to believe that an individual has been, is, or is about to engage in criminal conduct, a right exits to make an investigatory *549 stop and question the detained individual. State v. Ossey, supra.
In the instant case, the officers knew that the area they were patroling was one in which drug transactions frequently occurred. They also knew from past experience that the actions of the two individuals exchanging a concealed object for money was consistent with a drug transaction. We cannot say, under these circumstances, that the officers were not justified in stopping defendant. See State v. Garrett, 480 So.2d 412 (La.App. 4th Cir. 1985); writ granted 484 So.2d 662 (La. 1986).
However, this holding does not conclude the problem Even after a lawful investigatory stop, a police officer is justified in frisking the subject only under circumstances where a "reasonably prudent man..would be warranted in the belief that his safety or that of others was in danger". Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed. 889 (1968). Furthermore, the officer's belief is not reasonable unless he is "able to point to particular facts from which he reasonable inferred that the individual was armed and dangerous". Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968). State v. Hunter, 375 So.2d 99 (La.1979).
When police officers do not have the right to make an investigatory stop, property dropped or abandoned in response to the illegal stop cannot be admitted into evidence. State v. Ryan, 358 So.2d 1274 (La.1978). However, property abandoned without any prior unlawful intrusion into a citizen's right to be free from government interference, may be lawfully seized. State v. Belton, supra. State v. Ryan, supra. In such cases there is no expectation of privacy and thus no violation of a person's custodial rights. It is only when a citizen is actually stopped without reasonable cause or when a stop without reasonable cause is imminent that the "right to be left alone" is violated, and the resultant seizure of abandoned property is unlawful. State v. Belton, supra.
Although the officers in the instant case were not able to point to any particular facts from which it could be reasonably inferred that the defendant was armed and dangerous, they did have the right to make an investigatory stop. Considering that defendant abandoned his property subject to the stop and not as a result of the body search, we cannot say the trial judge erred in denying the motion to suppress.
AFFIRMED.
NOTES
[1] 871(A) provides in pertinent part that a "[s]entence shall be pronounced orally in open court and recorded in the minutes of the court."