GULOTTA, Chief Judge.
Pursuant to State v. Crosby, 338 So.2d 584 (La.1976), defendant Billy Washington appeals from the denial of his motion to suppress evidence, having pled guilty to illegal possession of heroin, a violation of LSA-R.S. 40:966. We affirm.
*359 On the afternoon of August 1, 1986, plainclothes narcotics officers conducted a drug surveillance at the intersection of Gal-lier and Law Streets in New Orleans. An officer observed Washington converse briefly with another man and receive some cash from him. Less than a minute later, after defendant had walked approximately 30 feet in a downtown direction on Law Street, a second individual approached him and also gave him cash. Shortly thereafter, as Washington began to walk away, an occupant of an approaching vehicle called to defendant. The occupant exited the car, conversed briefly with Washington, and likewise handed him some money. The officer then observed defendant enter a housing project and return a few minutes later, retracing his earlier route.
The observing officer notified his fellow officers in the area to stop Washington, who appeared to be involved in narcotics transactions. Two officers in an unmarked car thereupon drove up to him, exited, identified themselves as police officers, and asked him to stop because they wanted to speak with him. Their guns were not drawn and their vehicle did not block defendant’s path of travel on the sidewalk. Immediately, Washington turned to the wall of a building and shook a washcloth in his left hand. One of the officers observed a small glassine packet fall to the ground in front of the defendant. The officer’s partner then placed defendant’s hands against the wall, while the other officer retrieved the washcloth from Washington. Two more glassine bags fell out and the officers then placed the defendant under arrest. Tests disclosed that the bags contained heroin.
In denying the motion to supress the contraband seized, the trial judge found that the officers had not arrested defendant at the time that they told him to “stop”. The judge concluded: “That was an investigatory stop and it did not amount to that kind of arrest where Mr. Washington could not have left. And, in the interim, the package was falling and then they had probable cause to arrest him....”
In his sole assignment of error, defendant contends the trial judge erred because the heroin was seized during an arrest without probable cause. According to defendant, he was under arrest when the officers abruptly exited their unmarked car, identified themselves as police officers, and ordered him to stop. Defendant argues that the officers had no probable cause to arrest him since his prior actions in conversing with various individuals and receiving money from them were at least as consistent with innocent activity as with guilty behavior. He asserts that prior to his arrest he had not been acting suspiciously, talking to known narcotics addicts, or carrying a container in which drugs could have been hidden. Defendant contends that he did not drop the glassine bag until after the officers had arrested him by restraining his liberty in such a manner that he did not feel free to leave.
If a police officer reasonably suspects that an individual has been, is, or is about to engage in criminal conduct, he may stop him for questioning and may demand that he state his name and address and explain his actions. LSA-C.Cr.P. Art. 215.1. Unlike an arrest, an investigatory stop requires “something less” than probable cause. It must be based on “reasonable cause” to believe the detainee is engaged in criminality. State v. Ossey, 446 So.2d 280 (La.1984), cert. denied Ossey v. Louisiana, 469 U.S. 916, 105 S.Ct. 293, 83 L.Ed.2d 228 (1984). Whether or not a detaining officer making an investigatory stop has “reasonable cause” to detain an individual depends on the facts of each case. For the stop to be valid, the officer must have sufficient knowledge of the facts and circumstances to justify his intrusion on the individual’s right to be free. State v. Ossey, supra: State v. Belton, 441 So.2d 1195 (La.1983), cert. denied Belton v. Louisiana, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984).
This court has held that police officers . patrolling in an area notorious for drug trafficking are justified in stopping an individual after observing him exchange a concealed object with another person con *360 sistent with a drug transaction. See State v. Jefferson, 511 So.2d 794 (La.App. 4th Cir.1987); State v. August, 503 So.2d 547 (La.App. 4th Cir.1987). Furthermore, when the investigatory stop is reasonable, the officers may seize property that is dropped or abandoned in response to the stop.
In State v. August, supra, police officers patrolling an area known for heavy drug trafficking observed the defendant lean into a car parked in the center of the road and take two dollars from the driver. After the defendant saw the police officers, he began to walk away suspiciously. An officer ordered him to stop and, while frisking him for weapons, observed the defendant throw a bag of marijuana cigarettes to the ground. We held that the marijuana abandoned in response to the valid investigatory stop was admissible into evidence.
Similarly, in the instant case, an experienced police officer conducting a surveillance in a drug trafficking area observed that defendant’s behavior was consistent with drug dealing. Defendant suspiciously received cash from three different persons in a short span of time and returned to retrace his steps a few minutes later. Under these circumstances, like the trial judge, we conclude that the officers had reasonable cause to make an investigatory stop. Washington was not arrested until after the packet of heroin was dropped in plain view of the officers during the course of the valid stop. Accordingly, the trial judge properly denied the motion to suppress the evidence seized.
An arrest, as distinguished from an investigatory stop, is the taking of one person into custody by another by actually restraining the arrestee either through force or his submission. LSA-C.Cr.P. Art. 201. In the cases cited by defendant, the parties were arrested and restrained. See State v. Tomasetti, 381 So.2d 420 (La.1980); State v. Marks, 337 So.2d 1177 (La.1976). In Tomasetti, a defendant was arrested when he was stopped by police and taken to a courthouse for questioning. In Marks, an arrest took place when a car was surrounded and blocked by three police vehicles and defendants were removed and placed “spread eagle” against the rear of the car by the officers. Unlike the situations in the cited cases, the investigatory stop in the instant case falls short of the degree of extended restraint found in an arrest.
Although we affirm defendant’s conviction upon his plea of guilty to the offense charged, we note an error patent on the record concerning defendant’s subsequent plea of guilty as a multiple offender.
Although defendant has not raised the issue, we note that the trial judge failed to advise defendant of his Fifth Amendment rights before accepting his guilty plea as a multiple offender. During the colloquy on the multiple bill, the judge informed Washington that the State was obligated to prove that he was the same person who had pled guilty to a prior offense, that not more than five years had elapsed from the time of the prior conviction, and that he had been properly Boykin-ized upon pleading guilty to his prior offense. Nonetheless, the Supreme Court has held that the court must also advise the defendant of his statutory right to remain silent. The judge’s failure to so advise Washington invalidates his guilty plea to the multiple bill. See LSA-R.S. 15:529.-1(D); State v. Johnson, 432 So.2d 815 (La.1983). We must therefore set aside the enhanced sentence and remand the matter for resentencing.
Accordingly, defendant’s conviction on his plea of guilty to possession of heroin is affirmed. Defendant’s sentence as a multiple offender is vacated, and the matter is remanded to the trial court for resentenc-ing.
CONVICTION AFFIRMED;
SENTENCE VACATED;
REMANDED FOR RESENTENCING.