BARRY, Judge.
The defendant was convicted of simple possession of heroin, La.R.S. 40:966, and sentenced to four years at hard labor with credit for time served, without benefit of probation or suspension of sentence. The three assignments of error relate to the denial of his motion to suppress.
Officers Steve Nicholas and Bruce Little set up a surveillance for drug trafficking at the comer of Gallier St. and Florida Ave. in the Florida Housing Project, a known trafficking location where Little had previously made numerous drug-related arrests. Little also received information from a confidential informant that drug trafficking frequently occurred there, although the informant did not identify any persons or cars.
Officer Little observed a pedestrian go to a parked car and exchange money with the defendant (the driver of the car) in return for a concealed object. The officer could tell that the pedestrian gave the defendant money based on its size and color, although he was too far to determine the denominations. Little instructed Officer Nicholas to return to the police car and follow the defendant who started to drive off. While his partner was returning to their car, Little stepped into the street and. motioned for the defendant to stop, which was ignored.
Officer Nicholas turned on the police car light and siren and forced the defendant over. As the defendant was voluntarily exiting his car, Nicholas observed the defendant place a small white box in his mouth and take large gulps from a vodka bottle. He began choking and gagging and was ordered to spit out the box. Unable to swallow, the defendant spit the box to the ground. By that time Officer Little reached them on foot and opened the box and discovered heroin. Officer Nicholas informed the defendant he was under arrest and searched him. The heroin, fifty-seven dollars, and the vodka bottle were seized.
The defendant contends the heroin should have been suppressed because (1) reasonable suspicion for an investigatory stop did not exist, (2) probable cause to arrest did not exist, and (3) the officer unreasonably “searched” the defendant when he ordered defendant to spit out the white box.
Citizens are protected from unreasonable search and seizure. U.S. Const. Amend. IV; La. Const. Art. I, § 5. Stopping an automobile and detaining its occupants constitutes a seizure even when the detention is brief and short of a traditional arrest. U.S. v. Cortez, 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981). The seizure must be reasonable, but the stop may be justified on facts that do not amount to probable cause necessary to arrest. Determining reasonableness requires balancing the need to search or seize against the invasion it entails. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).
A Louisiana police officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense, and may demand his name, address, and an explanation of his actions. La.C.Cr.P. Art. 215.1; State v. Belton, 441 So.2d 1195 (La. 1983), cert. denied 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984); State v. Taylor, 501 So.2d 816 (La.App. 4th Cir.1-986). Reasonable cause for an investigatory stop is something less than probable cause and must be determined by considering the facts of each case. The police officer must have articulable knowledge of particular facts to reasonably suspect the detained person of criminal activity and thus to justify the infringement on the individual’s rights to be free of governmental interference. State v. Sims, 426 So.2d 148 (La. 1983); State v. Williams, 421 So.2d 874 (La.1982). Reasonable cause can be based on the observations of fellow police officers. State v. Edwards, 406 So.2d 1331 (La.1981), cert. denied Edwards v. Louisiana, 456 U.S. 945, 102 S.Ct. 2011, 72 L.Ed. 2d 467 (1982).
In State v. August, 503 So.2d 547 (La. App. 4th Cir.1987), we found reasonable cause to stop based on similar facts. Two officers were patrolling an area known for heavy drug trafficking and observed the defendant lean into a car, take two dollars *179 from the driver, and walk away rapidly when he saw the officers. In finding that the officers were justified in stopping the defendant, we noted (1) the officers knew that the area was known for drug trafficking and (2) the officers knew from experience that the actions of the two individuals were consistent with a drug transaction.
As in August, these facts show the officers knew the area and, based on their experience, that the exchange was consistent with a drug transaction. We conclude the officers were justified in stopping the defendant.
The defendant also urges there was no probable cause to arrest. He resisted the initial attempt to stop him, then attempted to swallow the evidence. When he drank from the bottle there was probable cause to arrest for violation of New Orleans Criminal Code § 42-96 (1976) which prohibits the carrying or drinking from an open glass container on the street or sidewalk. These facts coupled with the earlier exchange created probable cause to arrest.
Finally, defendant urges that even if the stop was proper the officer unreasonably “searched” when he ordered the defendant to spit out the white box.
Both officers testified the defendant was choking and gagging. Officer Nicholas testified that the box was about 2¼" x IV2" X ½". Officer Little estimated it somewhat larger. Officer Nicholas said that he did not know whether the defendant expelled the box because he was ordered to do so or because he was choking.
Officer Little testified that when he ran up to assist his partner, he observed the defendant “set a package to the ground.” However, Officer Nicholas testified at both the motion hearing and at trial that, essentially, the box went from defendant’s mouth to the ground.
Obviously the defendant could not swallow the box and he spit it out reflexively or voluntarily. The fact that he was ordered to do so does not change the inference. Under these circumstances we cannot conclude the officer unreasonably “searched” the defendant.
The sentence for simple possession of heroin does not provide for denial of parole eligibility. La.R.S. 40:966. The sentencing transcript indicates the defendant was sentenced without denial of parole eligibility. However, the minute entry and docketmaster indicate the sentence was without benefit of parole. When there is a discrepancy, the transcript controls over the minute entry. State v. Lynch, 441 So.2d 732 (La.1983); State v. Tarto, 517 So.2d 1216 (La.App. 4th Cir.1987). The minute entry must be corrected by amendment.
There are no other errors patent.
The conviction and sentence are affirmed. The trial court is ordered to correct the minute entry by amendment deleting the denial of parole eligibility and to forward the corrected entry to the Department of Corrections.
CONVICTION AND SENTENCE AFFIRMED; MINUTE ENTRY TO BE CORRECTED; CORRECTED ENTRY TO BE FORWARDED TO THE DEPARTMENT OF CORRECTIONS.
BYRNES, J., concurs.