BOWES, Judge.
Defendant, Floyd Clark, was originally charged with distribution of a controlled dangerous substance to a person under the age of eighteen, at least three years the defendant’s junior, in violation of LSA-R.S. 40:981 (count 1) and possession of marijuana with intent to distribute in violation of LSA-R.S. 40:966 (count 2). After a full hearing, defendant’s Motion to Suppress the Evidence was denied. At that time, the defendant withdrew his plea of not guilty on count 2 and entered a plea of guilty subject to the provisions of State v. Crosby, 338 So.2d 684 (La.1976). Count 1 was then dismissed. At the sentencing hearing, the trial judge sentenced the defendant to imprisonment at hard labor for two (2) years.
The facts of the case are as follows: On February 28, 1986, at about 10:00 a.m., Deputy Edwin Engle and a fellow officer were parked at the intersection of South Jamie Boulevard and Noel Street completing a report. They observed someone in a green Impala Chevrolet drive up and park at the dead end of Jamie Boulevard. Through binoculars, Deputy Engle observed the driver of the Impala roll what appeared to be a marijuana cigarette and pass it to the driver of an Oldsmobile, which was also parked on the dead end street.
The driver of the Oldsmobile then drove away and was pursued by Deputy Engle and his partner. After running a stop sign at the comer of South Jamie and Nicole Boulevards, the driver of the Oldsmobile was stopped by the deputies. The two occupants of the Oldsmobile were asked to get out of the car and were questioned about having marijuana. During this process, Deputy Engle observed what appeared to be a hand rolled marijuana cigarette between the seat cushions on the passenger side of the vehicle. Upon further inspection, the officers confirmed the fact that the cigarette they had seen exchanged between the two cars was marijuana.
Both occupants of the Oldsmobile were taken into custody and the deputies returned to the location where the Impala had been last seen. The Impala, driven by the defendant, Floyd Clark, proceeded into a wooded area where he was followed by the police officers. The defendant was stopped by the deputies. As he approached the vehicle, Deputy Engle observed a clear plastic bag containing what he recognized to be marijuana on the front seat of the defendant’s vehicle. At this point, the defendant was arrested.
Defendant presents two assignments of error:
1. The trial court erred in denying defendant’s Motion to Suppress the Evidence.
2. Also assigned as error are any and all errors patent on the face of the record.

Assignment of Error No. 1

The defendant argues that the search of the Oldsmobile was illegal. He argues further that it was this evidence that was used to convict him or at least to enhance the charge from simple possession to possession with intent to distribute. That the driver of the Oldsmobile was the subject of a lawful stop is not questioned. At issue is the legality of the subsequent search of this vehicle by the officer which revealed a marijuana cigarette.
Citizens are protected from unreasonable searches and seizures by both state and federal constitutional provisions. U.S.C.A. Const.Amends. 4 and 14, LSA Const. Art. 1, § 5. See also LSA-C.Cr.P. Art. 215.1. It is well-established that a search conducted without a warrant issued upon probable cause is per se unreasonable unless it is justified by one of the narrowly drawn exceptions to the warrant requirement. Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 584 (1973); State v. Parker, 506 So.2d 675 (La.App. 5 Cir.1987).
Once a defendant makes an initial showing that a warrantless search occurred, the burden of proof shifts to the State to affirmatively show that the search is justified *1212 under one of the narrowly drawn exceptions to the rule requiring a search warrant. State v. Hernandez, 410 So.2d 1381 (La.1982); State v. Parker, supra.
In the instant case, the officer, with the assistance of binoculars, witnessed the defendant hand roll what appeared to be a marijuana cigarette. He then observed the defendant hand the cigarette to the driver of an Oldsmobile, at which point the driver of the Oldsmobile drove away, ran a stop sign, and, without ever exiting the car, was subsequently stopped by the officers and the search in question was accomplished.
The State, in their brief, argues that the marijuana cigarette was discovered in plain view. We disagree. The requirements of the doctrine of plain view were discussed in Coolidge v. New Hampshire, supra, in which the court stated:
(1) The police officer must lawfully make an initial intrusion or otherwise be properly in a position from which he can view a particular area.
(2) The officer must discover incriminating evidence inadvertently, which is to say he may not know in advance the location of certain evidence and intend to seize it, relying on the plain view doctrine only as a pretext.
(3) It must be “immediately apparent” that the items so observed may be evidence of a crime, contraband or otherwise subject to seizure.
Although we note the initial exchange between Mr. Clark and the other driver was in plain view, we find that the officer did not discover the evidence found within the Oldsmobile “inadvertently.” Once the officers observed the transaction that took place on the dead end street, they followed and subsequently stopped the driver of the Oldsmobile with the specific intention of looking for contraband—in fact, the very marijuana cigarette that was seized. Consequently, the finding of the marijuana did not meet the inadvertency requirement of the analysis contained in Coolidge, supra.
However, we find that the officers had probable cause to believe the Oldsmobile contained contraband and exigent circumstances existed, therefore the search was permissible and did not violate the defendant’s constitutional rights.
The parameters of a warrantless search were established in United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982) where the court stated: “The scope of a warrantless search based on probable cause is no narrower—and no broader— than that scope of a search authorized by a warrant supported by probable cause. Only the prior approval of the magistrate is waived, the search otherwise is as the magistrate could authorize.”
In Texas v. Brown, 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983), the U.S. Supreme Court presented this definition of probable cause:
As the court frequently has remarked, probable cause is a flexible, commonsense standard. It merely requires that the facts available to the officer would ‘warrant a man of reasonable caution in the belief', Carroll v. United States, 267 U.S. 132, 162, 45 S.Ct. 280, 288, 69 L.Ed. 543, (1925), that certain items may be contraband or stolen property or useful as evidence of a crime; it does not demand any showing that such a belief be correct or more likely true than false. A ‘practical, non-technical’ probability that incriminating evidence is involved is all that is required, [cites omitted]
Additionally, the court stated in United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982):
Moreover, the probable-cause determination must be based on objective facts that could justify the issuance of a warrant by a magistrate and not merely on the subjective good faith of the police officers. ‘[A]s we have seen, good faith is not enough to constitute probable cause. That faith must be grounded on facts within knowledge of the [officer], which in the judgment of the court would make his faith reasonable.’ [cite omitted]
In short, the exception to the warrant requirement established in Carroll —the scope of which we consider in this case— applies only to searches of vehicles that *1213 are supported by probable cause, [footnote omitted] In this class of cases, a search would justify the issuance of a warrant, even though a warrant has not actually been obtained.
Based on the facts observed by the officer, as discussed above, he had the requisite probable cause to stop and search the Oldsmobile. See State v. Spears, 395 So.2d 762 (La.1981); State v. Ratliff, 482 So.2d 113 (La.App. 4 Cir.1986).
However, the probable cause must have also been supported by exigent circumstances in order for the subsequent search to have been valid by means of one of the warrant exceptions provided for jurispru-dentially.
As early as 1924, the United States Supreme Court recognized what has come to be known as the “automobile exception”. In Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925), the court held: .
[A]s recognizing a necessary difference between a search of a store, dwelling house or other structure in respect of which a proper official warrant readily may be obtained and a search of a ship, motor boat, wagon, or automobile for contraband goods, where it is not practicable to secure a warrant, because the vehicle can be quickly moved out of the locality or jurisdiction in which the warrant must be sought.
This holding has been further defined in Colorado v. Bannister, 449 U.S. 1, 101 S.Ct. 42, 65 L.Ed.2d 1 (1980) where the court held “one of the exceptions, recognized at least since Carroll v. United States [cites omitted], exists when an automobile or other vehicle is stopped and the police have probable cause to believe it contains evidence of a crime.”
We find the circumstances of the instant case provided the necessary probable cause and that there also existed the requisite exigent circumstances justifying an immediate seizure of the evidence from the Oldsmobile. Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); State v. Duperon, 448 So.2d 720 (La.App. 5 Cir.1984).
Finally, we note that although defendant’s assignment of error relates specifically to the contraband found in the Oldsmobile, once the officer stopped the defendant in his own vehicle (the Impala Chevrolet), and a clear bag of marijuana was observed and recognized by the officer on the front seat, this observation could also be used in his conviction. Therefore, we find this assignment lacks merit.

Assignment of Error No. 2

Defendant requests that we review the record for any errors patent. A careful review of the record for errors patent was conducted in accordance with the guidelines laid down by the Louisiana Supreme Court in State v. Oliveaux, 312 So.2d 337 (La.1975) and State v. Gaines, 508 So.2d 1017 (La.App. 5 Cir.1987) and none were found.
Accordingly, we affirm the trial court’s denial of the Motion To Suppress the Evidence and we also affirm the conviction and sentence of the defendant.
AFFIRMED.