DUFRESNE, Judge.
Defendant, Angel Nieves was charged by bill of information with violation of LSA-R. S. 14:62.2 Simple Burglary of an Inhabited Dwelling (87-KA-878); LSA-R.S. 14:67 Theft of Property in Excess of $500.00 (87-KA-879); LSA-R.S. 14:34.2 Battery Upon a Police Officer (2 counts) and LSA-R.S. 14:108 Resisting Arrest (87-KA-880). At arraignment, he entered a plea of not guilty. Following denial of a Motion to Suppress, he withdrew his former plea of not guilty and entered pleas of guilty to LSA-R.S. 14:69, two counts, and to LSA-R. S. 14:34.2, one count. In accordance with the plea bargain the State amended the bills of information to conform to the pleas and dismissed the remaining charges.
Following defendant’s waiver of sentencing delays the judge sentenced defendant to two years hard labor on each count of LSA-R.S. 14:69 to be served concurrently. The judge also sentenced the defendant to six months in parish prison for the count of LSA-R.S. 14:69 to be served concurrently. The judge also sentenced the defendant to six months in parish prison for the count of LSA-R.S. 14:34.2 to be served consecutive to the other sentences.
The defendant reserved his right to appeal the court’s denial of the motion to suppress.
FACTS
On May 24, 1987, Officers Wright and Stoll were responding to a police dispatch when they observed defendant, Angel Nieves, stop his vehicle at the exit of a parking lot and start running away. Officer Wright began chasing defendant as his actions were rather suspicious. When he finally caught up with defendant, the defendant hit him. The defendant was finally arrested. Upon further investigation it was determined that the vehicle was stolen. Within the vehicle the police found stolen jewelry. Defendant was charged with Battery of a Police Officer, Burglary, and Possession of Stolen Goods.
ON MOTION TO SUPPRESS
The defendant asks this court to determine whether at the time the evidence was seized was the defendant under arrest and, if under arrest was the evidence properly seized.
*1205 The Code of Criminal Procedure Article 201 provides:
Arrest is the taking of one person into custody by another. To constitute arrest there must be an actual restraint of the person. The restraint may be imposed by force or may result from the submission of the person arrested to the custody of the one arresting him.
The transcript of the suppression hearing presents testimony by the police officers. Officer William Wright testified that while driving to the vicinity of a police dispatch, he observed a white pickup truck in the parking lot moving towards the street. The truck stopped and the defendant jumped out and then ran from the truck. Officer Wright then testified to giving chase on foot.
I was chasing him, he fell down. He got up and came at me, and I was hit. I don’t know which way he hit me or how, but he knocked the flashlight out of my hand and my partner came up and we grabbed him and forced him to the ground to handcuff him. He broke from us and ran back to the interior of the complex. We had to tackle him and force him down to the ground to handcuff him.
It is clear that the police officers restrained the person of defendant. Thus, defendant was under arrest.
As the defendant was properly under arrest, the next step is to determine whether the evidence was properly seized.
The police searched the truck from which the defendant fled and seized evidence from within. Defendant argues the circumstances (the occupant was detained, the engine was off and the keys were not present to restart the engine) did not give use to exigent circumstances to allow a warrantless search based upon the automobile exception. He argues the opportunity to search was not fleeting as it was unlikely the vehicle will be moved from its locality.
Defendant properly cites the cases of Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925) and Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970) for explanation of the automobile exception to warrantless searches. However, the present situation presents a different rationale to support the search. The defendant exited his vehicle and fled. The vehicle was left running parked in the exitway of a parking lot. Thus, the search was conducted upon abandoned property.
Courts have frequently admitted into evidence objects found by the police during the examination of an abandoned vehicle. Sometimes this is done on the ground that the defendant, by abandoning the vehicle, had no standing to object, and sometimes on the more general ground that such an examination is not a search under the justified expectation of privacy test of Katz v. United States, [389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967)].
LaFavre, Search and Seizure)2d ed, Section 2.5a (West Publishing Co. 1987). “The courts have found cars to be abandoned when it appears the operator of the vehicle left the car behind in an effort to avoid apprehension by the police.” id.
The Louisiana Supreme Court has held that police may lawfully seize abandoned property when there has been no prior unlawful intrusion into a citizen’s right to be left alone. State v. Spears, 395 So.2d 762 (La.1981). “An unprovoked abandonment presents independent legal basis for seizure of evidence, without the question of probable cause. Stated another way, when property is truly abandoned, its seizure is beyond the protection of the Fourth Amendment because the individuals right of privacy in the thing has come to an end.” State v. Gains, 423 So.2d 111, 112 (La.App.4th Cir.1982).
The defendant was unprovoked when he exited his vehicle and began to run away. The vehicle was clearly abandoned and thus the seizure of evidence from within was outside the boundaries of constitutional protections.
This assignment lacks merit.
We have reviewed the entire record for errors patent. Having found no such error *1206 the conviction and sentence of the defendant are affirmed.
AFFIRMED.