SCHOTT, Chief Judge.
This juvenile defendant was found guilty of possession of cocaine, adjudicated a delinquent, and committed to the Department of Safety and Corrections for one year. The one-year sentence was suspended and *1352 he was placed on probation. He has appealed.
Officers Marquez and Perkins responded to information that drug trafficking and possible weapon activity were in progress at the 7700 block of Coronet Court. Officer Slack was assigned to come through the back way to cut off any possible escape route. As the squad car approached, the officers noticed that Winston was fiddling with his belt in a manner consistent with a drug transaction or possession of a weapon. When the car arrived at the scene, several subjects began to walk or run away in a nervous and suspicious manner. Winston ran into the breezeway where he was cut off by Officer Slack. In the meantime he discarded a bag of cocaine. Upon arrest, $170 in cash was confiscated from Winston.
The testimony is conflicting as to when Winston threw down the bag of cocaine. Perkins testified that Winston discarded the bag as the officers approached and then he fled. Marquez testified that Winston discarded the bag after the chase had begun.
Appellant’s sole assignment of error is that the trial judge erred in denying his motion to suppress the evidence, a bag of cocaine. Appellant argues that the officers did not have reasonable cause to justify an investigatory stop and, therefore, any evidence seized subsequent to the stop is inadmissible since it was obtained pursuant to an illegal stop.
The questions are at what point did the police activity constitute an investigatory stop, and, did reasonable cause exist to justify the stop? A “seizure” of an individual occurs only if a reasonable person would believe that he is not free to leave in view of all the circumstances surrounding the incident. The issue is whether the conduct involved would have communicated to a reasonable person an attempt to capture him or otherwise intrude on his freedom of movement. State v. Edwards, 530 So.2d 97, 98 (La.App. 4th Cir.) writ denied, 533 So.2d 19 (La.1988). A reasonable person could not conclude that the officers communicated to Winston an attempt to capture him or intrude on his freedom of movement by merely approaching the location in a semi-marked police unit. Thus, if Officer Perkins’ testimony is accepted, the cocaine was discarded before an investigatory stop occurred.
If Officer Marquez’s version is accepted, the point at which the investigatory stop took place is not so clear. One such point would be when the police parked the unit and gave chase to the fleeing defendant. The question then is whether the officers had reasonable cause to justify the investigatory stop. The right of law enforcement officers to stop and interrogate one reasonably suspected of criminal conduct is recognized by C.Cr.P. Art. 215.1. If there is reasonable cause to believe that an individual has been or is engaging in or about to engage in criminal conduct, an officer has the right to make an investigatory stop and question the individual. State v. August, 503 So.2d 547, 548-549 (La.App. 4th Cir.1987).
The cases cited by appellant illustrate that mere nervousness or flight at the sight of a police officer does not constitute sufficient cause for an investigatory stop. But while flight, nervousness, or a startled look at the sight of a police officer, would alone be insufficient to justify an investigatory stop, this type of conduct may be highly suspicious and, therefore, may be one of the factors leading to a finding of reasonable cause. State v. Belton, 441 So.2d 1195 (La.1984), cert. denied, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984). The behavior of this defendant goes beyond mere nervousness and flight. He had his hands in his belt as if a drug transaction were about to take place or a weapon were concealed in his pants. Additionally, the officers were responding to a report that extensive drug trafficking and weapon activity were in progress in this very area. A consideration of a totality of the circum *1353 stances supports the finding that reasonable cause existed for an investigatory stop. Therefore, the trial court did not err in denying the motion to suppress the evidence.
Accordingly the judgment of the juvenile court is affirmed.
AFFIRMED.
BARRY, J., concurs with reasons.