# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 19-200

**STATE OF LOUISIANA**

**VERSUS**

**JERMAINE D. GUIDRY**

**\*\*\*\*\*\*\*\*\*\***

ON APPLICATION FOR SUPERVISORY WRITS FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 63032
HONORABLE EDWARD B. BROUSSARD, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## VAN H. KYZAR

## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of John D. Saunders, John E. Conery, and Van H. Kyzar, Judges.

**WRIT DENIED.**

**JoVonna R. Charles-Young**
**204 Charity Street**
**Abbeville, LA 70510**
**337-898-2090**
**COUNSEL FOR APPELLANT/DEFENDANT:**
    **Jermaine D. Guidry**

**Keith Stutes**
**District Attorney**
**Craig Bordolon, II**
**Assistant District Attorney**
**Fifteenth Judicial District**
**P.O. Box 175**
**Abbeville, LA 70510**
**337-232-5170**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Kyzar, Judge.**

The defendant, Jermaine D. Guidry, has filed the instant application for supervisory writs from the trial court's January 30, 2019 ruling denying his motion to suppress evidence. For the following reasons, we deny the writ.

## FACTS AND PROCEDURAL HISTORY

Defendant was charged by bill of information that on April 9, 2018, he committed four felony counts in violation of the Uniform Controlled Dangerous Substance Law, as follows: possession with intent to distribute Methamphetamine, a Schedule II controlled dangerous substance, in violation of La.R.S. 40:967; possession of Oxycodone, a Schedule II controlled dangerous substance, in violation of La.R.S. 40:967; possession of Hydrocodone, a Schedule II controlled dangerous substance, in violation of La.R.S. 40:967, and that he willfully, knowingly, unlawfully and intentionally received or acquired proceeds derived from a violation of the Controlled Dangerous Substance Law, in violation of La.R.S. 40:1041(D). Defendant was also charged with one misdemeanor count of possession of marijuana, a Schedule I controlled dangerous substance, in violation of La.R.S. 40:966. He was arraigned and pled not guilty on May 31, 2018.

On July 25, 2018, Defendant filed a motion to suppress evidence of the drugs seized from his vehicle without a warrant on April 9, 2018, asserting that the search of the vehicle was unconstitutional. The State opposed the motion, specifically alleging that the inventory search, search incident to arrest, and inevitable discovery exceptions, as well as abandonment, were applicable. Following a hearing on January 30, 2019, the trial court denied Defendant's motion to suppress.

According to the State, Defendant was wanted via a fugitive warrant posted on the National Crime Information Center (NCIC) when he was spotted in Vermilion Parish and pursued by law enforcement officers. A high-speed vehicle chase ensued,

resulting in the deployment of spike strips. After losing control of his vehicle, Defendant drove into a sugarcane field and then fled on foot. He was apprehended and then placed under arrest.

Sergeant James Martin, of the Vermilion Parish Sheriff's Department, testified at the hearing on the motion to suppress that Defendant lost control of his vehicle after driving nearly half a mile in a sugarcane field while fleeing from officers, who were pursuing him in multiple police units. He stated that the front end of Defendant's vehicle hit a cane row after traveling over a headland in the field and that Defendant then "got out of the vehicle and took off running." When asked if there were any passengers in the vehicle, Sergeant Martin stated, "No, the vehicle was abandoned." During direct examination of Sergeant Martin, the following colloquy occurred as to the events:

> Q.  So at that point, you have this abandoned vehicle. What do you do?
>
> A.  Well, the vehicle was stuck in the field. There was no way for us to get it out. So a tow truck had to be called. And then including the fact that he led us on a pursuit and he had active felony warrants and then decided to get out the car and run and abandon vehicle, we towed it. We were going to tow it so it was searched. A vehicle inventory was completed and turned in.
>
> Q.  Okay. And among the things that were inventoried, were there any things that led to additional charges being filed?
>
> A.  The only things that are placed on inventory are things that are being left with the vehicle when the tow company takes them. But while we were searching the car, we did locate methamphetamine, hydrocodone, marijuana and I think that's it.

Sergeant Martin then stated specifically that "a vehicle inventory was completed and turned in" before the vehicle was towed. While it was unclear as to when the call for the tow truck was made, there was no choice but to call the tow truck as the vehicle was stuck in the sugarcane field some half mile from the road.

2

The vehicle was searched without a warrant where it came to a stop, and drugs were found inside the vehicle in a duffle bag.

Defendant seeks review of the trial court's denial of his motion to suppress the drug evidence. He asserts that the trial court erred in denying his motion to suppress when it ruled that the police conducted a valid inventory search of his vehicle. We find no error in the trial court's decision for multiple reasons.

## OPINION

Article 1, Section 5 of the Louisiana Constitution of 1974 and the Fourth Amendment to the United States Constitution protect individuals from unreasonable searches and seizures. Although a search warrant is required as a general rule in order for a search to be constitutionally permissible, several exceptions to the warrant requirement have developed over time. *State v. LaRue*, 368 So.2d 1048 (La.1979). A defendant adversely affected may move to suppress any evidence from use at the trial on a merits on the ground that it was unconstitutionally obtained, and the state has the burden of proving the admissibility of any evidence seized without a warrant. La.Code Crim.P. art. 703(A) and (D). In *State v. Wells*, 08-2262, pp. 4-5 (La. 7/6/10), 45 So.3d 577, 580-81 (alteration in original), the supreme court reiterated the appellate standard of review applicable to rulings on motions to suppress:

> This court has recently restated the general rule that appellate courts review trial court rulings under a deferential standard with regard to factual and other trial determinations, while legal findings are subject to a *de novo* standard of review. *State v. Hunt*, 09-1589, p. 6 (La.12/1/09), 25 So.3d 746, 751, *citing State v. Hampton*, 98-0331, p. 18 (La.4/23/99), 750 So.2d 867, 884. When a trial court makes findings of fact based on the weight of the testimony and the credibility of the witnesses, a reviewing court owes those findings great deference, and may not overturn those findings unless there is no evidence to support those findings. *Id.* A "trial judge's ruling [on a fact question], based on conclusions of credibility and weight of the testimony, is entitled to great deference and will not be disturbed on appeal unless there is no

3

evidence to support the ruling." *State v. Bourque*, 622 So.2d 198, 222 (La.1993).

## Abandonment Theory

While the trial court did not specifically rely on abandonment as grounds for denying Defendant's motion to suppress, the State urged such in its opposition to the motion and in oral argument after the close of testimony at the hearing. Additionally, the evidence produced by the State at the hearing supports its assertion that no warrant was necessary to search the vehicle as Defendant had, indeed, abandoned his vehicle in the sugarcane field after he fled on foot. An abandoned automobile may be legally searched without a warrant. *State v. Kelly*, 576 So.2d 111 (La.App. 2 Cir.), *writ denied*, 580 So.2d 666 (La.1991); *see also State v. Parker*, 421 So.2d 834 (La.1982), *cert. denied*, 460 U.S. 1044, 103 S.Ct. 1443 (1983).

In *Kelly*, the second circuit upheld the denial of a defendant's motion to suppress where his vehicle was searched after it was abandoned in a ditch following a high-speed chase. The court found that in addition to the automobile exception to the warrant requirement, the abandonment of the vehicle also provided justification for the search.

> Furthermore, the police were entitled to search the Lincoln as an abandoned vehicle. When property has been abandoned, a person's property interest in it lapses, and there is no further reasonable expectation of privacy. As a consequence, the property may be searched and seized without the normally required warrant. *State v. Kyles*, 513 So.2d 265 (La.1987), cert. denied, 118 486 U.S. 1027, 108 S.Ct. 2005, 100 L.Ed.2d 236, rehearing denied, 487 U.S. 1246, 109 S.Ct. 4, 101 L.Ed.2d 955 (1988).

> If, prior to the abandonment of the evidence, there is an unlawful intrusion into the defendant's constitutional right to be left alone, then the evidence is unlawfully seized. An unlawful intrusion occurs when there is an actual stop without reasonable cause or when a stop without reasonable cause is imminent. *State v. Littleberry*, 511 So.2d 1229 (La.App. 2d Cir.1987). However, when a stop is reasonable, the officers may search and seize property that is abandoned in response to the stop. *State v. Washington*, 513 So.2d 358 (La.App. 4th Cir.1987).

4

*Id.* at 117-18.

In *State v. Nieves*, 525 So.2d 1203 (La.App. 5 Cir. 1988), the court reviewed

an appeal of the defendant's motion to suppress evidence of stolen jewelry found in

a warrantless search of the vehicle he had been operating. The facts established that

on May 24, 1987, two officers were responding to a police dispatch when they

observed defendant stop his vehicle at the exit of a parking lot and start running

away. Believing his actions to be suspicious, one of the officers gave chase on foot,

and when he finally caught up with defendant, the defendant hit him. After the

defendant was arrested, an investigation determined that the vehicle that he was

driving was stolen. The police searched the vehicle, without first obtaining a warrant,

and discovered stolen jewelry within. The defendant was charged with battery of a

police officer, burglary, and possession of stolen goods. In affirming the trial court's

denial of the motion to suppress, the court stated as follows:

> Defendant properly cites the cases of *Carroll v. United States*,
> 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925)[,] and *Chambers v.
> Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970)[,] for
> explanation of the automobile exception to warrantless searches.
> However, the present situation presents a different rationale to support
> the search. The defendant exited his vehicle and fled. The vehicle was
> left running parked in the exitway of a parking lot. Thus, the search
> was conducted upon abandoned property.
>
>> Courts have frequently admitted into evidence objects
>> found by the police during the examination of an
>> abandoned vehicle. Sometimes this is done on the ground
>> that the defendant, by abandoning the vehicle, had no
>> standing to object, and sometimes on the more general
>> ground that such an examination is not a search under the
>> justified expectation of privacy test of *Katz v. United
>> States*, [389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576
>> (1967) ].
>
> LaFavre, *Search and Seizure) 2d ed*, Section 2.5a (West Publishing Co.
> 1987). "The courts have found cars to be abandoned when it appears
> the operator of the vehicle left the car behind in an effort to avoid
> apprehension by the police." [I]d.

The Louisiana Supreme Court has held that police may lawfully seize abandoned property when there has been no prior unlawful intrusion into a citizen's right to be left alone. *State v. Spears*, 395 So.2d 762 (La.1981). "An unprovoked abandonment presents independent legal basis for seizure of evidence, without the question of probable cause. Stated another way, when property is truly abandoned, its seizure is beyond the protection of the Fourth Amendment because the individuals right of privacy in the thing has come to an end." *State v. Gains*, 423 So.2d 111, 112 (La.App.4th Cir.1982).

The defendant was unprovoked when he exited his vehicle and began to run away. The vehicle was clearly abandoned and thus the seizure of evidence from within was outside the boundaries of constitutional protections.

*Id.* at 1205.

The defendant here abandoned the vehicle in a sugarcane field when he exited the vehicle and fled on foot. In addition to the crimes committed by virtue of his vehicular high-speed flight from the officers, the defendant was wanted via a fugitive warrant.

In the instant case circumstances surrounding the entire incident suggest an exigency to search without a warrant. The car was left with at least one door open; the keys were in the ignition; two former occupants of the car were still at large and a crowd had begun to congregate at the scene. Furthermore, the occupants having run from the car in the ditch with the door open, coupled with the officer's having probable cause to believe those running had recently robbed a bank, would strongly suggest to the officers that the automobile's former occupants had no expectation of privacy in the vehicle but rather that they had abandoned the vehicle and disassociated themselves from it. The officers were justified in conducting an on-the-scene search of the vehicle and seizing the evidence taken from the robberies. *See State v. Edsall*, 385 So.2d 207 (La.1980).

*Parker*, 421 So.2d at 842.

In *State v. Freeman*, 50,282 (La.App. 2 Cir. 4/13/16), 194 So.3d 1, *writ denied*, 16-927 (La. 5/1/17), 220 So.3d 743, the defendant, who had been under investigation for narcotics trafficking, was pursued by officers during a high-speed vehicle chase. The defendant ultimately crashed the vehicle into a tree and fled on foot. The court

6

on appeal upheld the warrantless search of the vehicle on multiple grounds, including the abandonment of the vehicle, as follows:

> Under the automobile emergency exception to the search warrant requirement, a constitutional search of a vehicle may be made without a warrant (1) if there is probable cause to believe that the vehicle contains contraband or evidence of a crime, and (2) exigent circumstances require an immediate search. An abandoned automobile may be legally searched without a warrant. *State v. Kelly*, 576 So.2d 111 (La.App. 2d Cir.1991), *writ denied*, 580 So.2d 666 (La.1991). When property has been abandoned, a person's property interest in it lapses, and there is no further reasonable expectation of privacy. As a consequence, the property may be searched and seized without the normally required warrant. *State v. Kelly, supra.*
>
> The trial court did not abuse its discretion in denying Defendant's motion to suppress. The evidence and testimony presented at the suppression hearing and at trial establish that the initial stop, arrest, search and seizure were all proper. Regarding the initial stop, Trp. Lowery testified that he observed Defendant traveling 60 mph in a 55 mph zone. This observation provided him with the necessary reasonable suspicion to believe that a traffic violation had been committed, and he was justified in attempting to stop the vehicle for a traffic violation, even if the purpose of the stop was to investigate for CDS violations. However, rather than cooperating with Trp. Lowery's signals to stop, Defendant refused to stop, leading Trp. Lowery on a chase and ultimately crashing into a tree. This provided Trp. Lowery with probable cause to arrest Defendant for flight from an officer. *See* La. R.S. 14:108.1.

*Id.* at 22.

In the instant case, the stop of Defendant was patently reasonable as he was wanted on a felony warrant. Thereafter, he committed additional crimes by fleeing from the officers in his vehicle and then on foot. Having abandoned his vehicle, he had no expectation of privacy. The "Fourth Amendment protects people, not places" and "[w]hat a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection." *Katz v. United States*, 389 U.S. 347, 351, 88 S.Ct. 507, 511 (1967). By abandoning his vehicle in a sugarcane field at the conclusion of the high-speed chase and then fleeing from the officers on

7

foot, Defendant exposed his vehicle to the public; thus, the vehicle was not subject to protection under either the Fourth Amendment or the Louisiana Constitution.

### *Inevitable Discovery*

The inevitable discovery rule applies as well. *Nix v. Williams*, 467 U.S. 431, 104 S.Ct. 2501 (1984); *State v. Lee*, 05-2098 (La. 1/16/08), 976 So.2d 109, *cert. denied*, 555 U.S. 824, 129 S.Ct. 143 (2008). Whether the inventory search was conducted in the sugarcane field or at the police station is of no consequence here given the circumstances. The vehicle was, of necessity, going to be searched either prior to or immediately after being towed because the only option was to have it towed since it was stuck and abandoned in a privately owned sugarcane field approximately one-half mile from the road.

### DISPOSITION

Accordingly, we find no error in the trial court's denial of the motion to suppress. Thus, Defendant's writ application is denied.

**WRIT DENIED.**

8